# Robinson v. The State.

### Indictment for Burglary.

1. *Jeopardy; when does not arise.*—No legal jeopardy arises on a trial under an indictment, which is so defective that no valid judgment of conviction can be rendered on it.

2. *Burglary; what indictment for, defective.*—An indictment under § 3625 R. C., for burglariously entering a gin-house in which "lint cotton" was kept for use, &c., is defective, if it fails to aver that the "lint cotton" was a valuable thing or of some value.

3. *Discharge of juror for sickness; practice as to.*—The court quotes with approval the language in *Barrett* v. *The State* (33 Ala. 406), as to the caution to be observed in discharging a juror after evidence given. Where a juror is discharged "on complaint of being sick," the record should show that the court ascertained the truth of that fact before discharging him.

APPEAL from Circuit Court of Lowndes.

Tried before Hon. J. Q. SMITH.

The appellant, Ike Robinson, was convicted of burglary. The indictment charged that before the finding thereof he "broke into and entered into the gin-house of William Robinson, in which gin-house was kept at the time lint and cotton for sale, use, and deposit, with the intent to steal," &c.

A jury was selected, and the defendant pleaded not guilty. A witness was being examined by the State, when "one of the jurors trying the case complained of being suddenly sick and unable to sit on the jury, and the court excused the juror from the panel against the objection of defendant, and defendant excepted." Another jury was formed consisting of the eleven remaining jurors, and another who took the place of the sick juror. "The defendant expressed satisfaction with the jury, and pleaded not guilty. The solicitor read the indictment to the jury, and the trial commenced anew. The defendant objected to going to trial, and moved for his discharge, but the court overruled the motion, and defendant excepted."

R. M. WILLIAMSON, for appellant, cited *Norris & Coleman* v. *The State*, in MS.; *Barrett* v. *State*, 35 Ala. 406.

[Robinson v. State.]

JOHN W. A. SANFORD, Attorney General, contra.

MANNING, J. — In this cause it is insisted that defendant was entitled to his discharge on the ground that he must not a second time be put in jeopardy.

In Barrett v. The State (35 Ala. 406), which was a case of the discharge of a jury trying the prisoner, after all the other business of the court had been disposed of, with a view to an adjournment of the court before the expiration of the term by law, and when the jury, after being some time out, had not been able to agree, this court said : " It is much the more prudent and safe course for the circuit judge to protract the session of the court to the end of the term prescribed by law, where the duration of the term is fixed, unless some great and overruling necessity requires a different course, or unless the prisoner consents to the discharge of the jury. For it is an extremely delicate and hazardous thing for the court to interfere with a prisoner's chances for life or liberty, by acting upon the apparent absence of any probability of an agreement by the jury."

This is an expression of the opinion of this court as to the importance of great care on the part of judges in matters of this sort.

In the case of Ned v. The State (7 Port. 187), in considering the causes for which a judge might legally discharge a jury, after evidence given, " the sudden illness of a juror, or of the prisoner, so that the trial cannot proceed," is mentioned as one.

In the cause in hand the record shows only that a juror " complained of being suddenly taken sick and unable to sit on the jury," and that without more, and against the objection of the defendant, he was excused, after evidence had been given, and that the cause was then withdrawn from the jury. And it is argued that if upon a mere complaint of sickness by the juror, without any inquiry by the court into the truth of the complaint, he may put an end to a pending trial, it would be in the power of an unfriendly and dishonest person, who might be sitting on the jury, to procure the discharge of that body, for the purpose of preventing an acquittal of the defendant, and thereby putting him again in jeopardy.

It would have been better if the record showed that the court below ascertained the sickness of the juror to be real, and such as that the trial could not proceed. But it is not necessary for us to decide whether the failure to do this was error or not, because the indictment upon which the defendant was put upon trial was so defective, that judgment thereupon could have been arrested, and he was not therefore legally in jeopardy.

[Stone v. Knickerbocker Life Insurance Company.]

One of the errors here insisted upon by his counsel is, that the indictment is defective and insufficient in not showing that "lint cotton" — which was the only article alleged to have been in the gin-house that prisoner is charged with having burglariously entered with intent to steal — was a valuable thing, according to section 3695 of the Revised Code, under which the prosecution was instituted.

This precise point was made and sustained in *Norris & Coleman* v. *The State*, 50 Ala. 126. See also *Crawford* v. *The State*, 44 Ala. 382.

For the error in this particular the judgment of the circuit court is reversed, and the cause remanded.

Appellant will remain in custody until discharged by due course of law.