# Sampson *v.* The State.

### *Indictment for Grand Larceny.*

1. *Venue; failure of bill of exceptions to show proof of.*—In this case there was evidence tending to show the *venue*, ownership of the property stolen, and the time of committing the offense ; but it is not conceded by the court that a reversal would follow, if the bill of exceptions, purporting to disclose all the evidence, was silent as to these points.   The mere sufficiency of evidence to support a verdict, is not cause for reversal, unless the question is raised in the court below.

2. *Confessions; rule as to.*—The true inquiry in all cases of confessions, is, whether the confession was free and voluntary, or whether it was superinduced by the influence of hope or fear, applied by a third person, to the mind of the accused.

3. *Same; when will be admitted, though not voluntary.*—If in consequence of a confession, material facts are discovered just as the confession stated them ; as for instance in case of larceny, the thing stolen is found where the prisoner stated it was concealed, such confession will be admitted with the confirmatory fact, though it was not voluntary.

4. *Same; when will be admitted.*—If threats or promises have been used, and it appears to the court that their influence was totally withdrawn, and done away with before the confession was made, it will be admitted.

APPEAL from Circuit Court of Sumter.

Tried before Hon. GEORGE H. CRAIG.

The appellant was tried and convicted for horse-stealing. The only evidence criminating him, was a confession made to the owner of the mare, and the fact that the horse was found where he said she was in his confession.   The confession was made under the following circumstances :   The owner of the mare met him, and said to him, "Sam, you have taken my mare, and I want to know what you have done with her." Defendant denied any knowledge of the whereabouts of the horse, and the owner then said :   "Now, Sam, if you don't tell me where my mare is, I will arrest you, and it will be too late to confess it then."   He again denied having stolen the mare, and was then arrested and carried before a justice of the peace.   After arriving at the house of the justice of the peace, the defendant said :   "Mass John, I will tell you where your mare is."   Witness told him it was too late.   De-

fendant said he "would tell any way," and said: "I stole the mare and she is at the Pott's place, over the river, tied out in the cane," and stated his uncle would show him where she was. Witness sent one Beck, a colored man, for the mare, and he got her.

These confessions were admitted against the objection and exception of the defendant, and their admission is now assigned as error.

SNEDECOR & COCKRELL, for appellants.

JOHN W. A. SANFORD, Attorney General, contra.

BRICKELL, C. J.—The supposition that the bill of exceptions does not disclose evidence of the venue of ownership of the property, and of the commission of the offense, before the finding of the indictment, is erroneous. The indictment was found at the October term, 1874, of the circuit court. The testimony of the prosecutor, as set out in the bill of exceptions, was, that in August or September previous, in Sumter county, he lost a mare, and having reason to believe the defendant had stolen her, caused his arrest. He accused the defendant of taking the mare, before his arrest, and after the lapse of some time, while under arrest, the defendant said: "I will tell you where your mare is." The prosecutor sent to the place designated by the defendant, and regained the mare. There was not, as is argued by counsel, a want of evidence of the venue, of the time of committing the offense, or of ownership. The evidence to which we have referred, had certainly a tendency to establish these facts, and was properly submitted to the jury, who were the judges of its sufficiency. We must not be understood as conceding that a reversal would follow if the bill of exceptions, though purporting to disclose all the evidence, was silent as to evidence of venue, or ownership, or of the time of committing the offense. No question appears to have been made in the circuit court as to the evidence—no instruction given, or requested, involving an inquiry into its effect, is shown, nor any direction of the attention of the court to its supposed insufficiency. With the mere question of the sufficiency of evidence to support a verdict, this court cannot interfere, unless it was decided by the court below, and the decision made the subject of an exception, at the appropriate time.—Skinner v. State, 30 Ala. 624.

When on an accusation of crime, it is proposed to give in evidence, the confessions of the accused, to prove guilt, the law demands that the court shall be satisfied the confessions

were voluntary, not induced by threats, or promises, or persuasion. While the accused was in a condition subjecting him to influences, he could not be reasonably expected to resist. In determining whether the confession proceeded from the volition of the accused, or from an influence improperly exerted, regard is had to his age, situation and character, and all the circumstances surrounding him.—1 Green. Ev. § 219. The fact that the accused was under arrest when the confessions were made, or that he was not cautioned against confessing, does not authorize their exclusion. The true inquiry in all cases, is, whether the confession is free and voluntary, or whether it was superinduced by the influence of hope or fear, applied by a third person to the mind of the accused.—*Seaborn v. State*, 20 Ala. 15; *Brister v. State*, 26 Ala. 107; *Franklin v. State*, 28 Ala. 9.

Before arrest, the prosecutor asked the accused to tell him where his mare could be found, saying to him, if he did not he would be arrested, and it would then be too late for him to confess. The accused denying all knowledge of the mare, was arrested and taken before the committing magistrate. In less than a half hour after his denial, and after his arrest, while before the magistrate, he said to the prosecutor, he would tell where the mare was, and was told it was too late, he ought to have told before. Nevertheless, he confessed his guilt, stated where the mare could be found, and at the place he designated, she was found. Whatever of inducement there was held out for a confession, was, that the accused would escape arrest. This inducement did not, when it was made, produce a confession, and was at an end when the confessions given in evidence were made. After it had ended, without any other inducement, and in the face of warning that it was too late for him to confess—that he need expect no favor from confessing, he confesses his guilt, and designates the place at which the mare was concealed. The truth of the confession is corroborated by the finding of the mare at that place, thereby lessening any presumption that the confession was fabricated. There is no principle or safe precedent which would justify the exclusion of the confession. It seems voluntary, prompted only by the suggestions of his own reflections.

The judgment is affirmed.