# Ex parte Jones.

## Petition for Mandamus.

1. *Amendments; to what statute of, does not apply.*—Our statute of amendments does not apply to criminal cases; but the inherent common law power of the courts to correct clerical misprisions, where its records furnish proper basis therefor, extends to criminal as well as civil cases.

2. *Amendment nunc pro tunc; what allowable; what sufficient basis for.* It is the duty of the clerk to tax costs and make a memorandum thereof, and such memorandum when made during the term becomes a *quasi* record, which authorizes the correction *nunc pro tunc*, at a succeeding term, of a judgment rendered at a former term, which left blank the number of days hard labor to which the defendant was sentenced.

APPLICATION for *mandamus*.

The petitioner, Henry Jones, was convicted of the offense of gaming at the October term, 1878, of the City Court of Montgomery, and fined fifty dollars. The minute entry at that term, after reciting the verdict of guilty and the assessing of a fine of fifty dollars by the jury, contains a judgment for fine and costs against petitioner, and proceeds: "And costs not being paid or secured, it is therefore ordered by the court, that he perform hard labor for the county of Montgomery, twenty days for the fine, and at the rate of twenty-five cents per day for the cost until paid, making an additional term for the costs of —— days, and making in the aggregate —— days, for which the defendant is to perform hard labor for the county of Montgomery."

At the February term, 1879, the solicitor moved the City Court to amend *nunc pro tunc* the judgment rendered at the October term, 1878, by inserting the number of days, and in support of the motion, offered in evidence a memorandum of the amount of costs taxed against defendant by the clerk of said court. This memorandum was made out by the clerk before the adjournment of the October term, 1878, on a regular printed form of an execution, such as is ordinarily used in criminal cases, put away in the office of the clerk and produced by him on the hearing of said motion. To the introduction of the memorandum, the petitioner objected; his objections were overruled and he excepted. The City Court thereupon allowed the amendment *nunc pro tunc*, and upon the evidence furnished by this memorandum corrected

[Ex parte Jones.]

the judgment at the former term, by filling up the blanks with the number of days. The petitioner here moves for a writ of *mandamus* compelling the judge of the City Court to vacate said amendment.

JOHN GINDRAT WINTER, for petitioner.—In a criminal cause, before the defendant can be sentenced to perform hard labor for the costs, the amount must be *judicially* ascertained by the court, for it is the very *basis* of the judgment rendered against the accused; to allow the clerk to ascertain the amount, as a mere clerical duty, would be a substitution and perversion of judicial powers.—Code, § 4731; *Coleman v. The State*, 55 Ala. 173. Costs must be taxed upon conviction.—Code, §§ 5042, 5047. The court having adjourned, without ascertaining the amount of costs to be taxed against defendant, we insist that it could not at a subsequent term do so. Its power over the cause expired with the term.

And even if in any court the amendment could have been made, we insist that there was not sufficient evidence before the court to sustain the amendment. The mere memorandum of the clerk is no part of the record of the court. It can not be considered record evidence; and yet we find that the judgment is amended from a memorandum, *private* in its nature, and not even shown by evidence to be correct.

BRICKELL, C. J.—The statute of amendments is very broad and liberal in its terms, authorizing the correction of clerical errors or mistakes, on the application of either party, " where there is sufficient matter apparent on the record or entries," to support the amendment. The statute does not however extend to criminal cases. All courts of record have by the common law, an inherent power to correct clerical errors or omissions which may intervene in making up their records. During the term, the proceedings are *in fieri*, the record remains in the breast and remembrance of the judge, and the entries which are to form it, may be altered as he directs, to make them conform to the truth. After the adjournment of the term, if the record, or entries, or memoranda required by law to be made and kept, furnish clear evidence, the misprisions of the clerk may be corrected by them. The power of the court at common law, to make such corrections extended alike to civil and criminal cases— between them, there was no distinction.—*Anonymous*, 1 Gall. 22; *Young v. State*, 6 Ohio, 435; *Sharff v. Commonwealth*, 2

Birm. 514; *State v. Williams*, 2 McCord, 301; *State v. Seaborn*, 4 Dev. 319.

In entering the judgment of conviction originally, the clerk left blank spaces for the amount of the costs adjudged against the defendant, and the number of days he was to serve at hard labor in payment of them. The insertion of the number of days would have been immaterial, the judgment specifying that twenty-five cents per day, was the rate, at which the labor was to be performed. The clerk taxed the costs during the term the judgment of conviction was rendered, and filed in his office a written statement of them. The taxation of the costs, and the preservation of a bill or memorandum of them, is the duty of the clerk. No execution for their collection could properly issue, without having annexed as a part of it, a copy of such bill. This written statement was a *quasi record* of the court, from which the omission of the clerk to state in the judgment of conviction, the amount of the costs, could be supplied.—*Farmer v. Wilson*, 34 Ala. 75. Admitting the argument of the petitioner, that the omission rendered the judgment incomplete, it was the inadvertence of the clerk. The power of the court to correct it, is derived from the common law, and is plenary; the means of correction resting in writing, it was the duty of the clerk to make and preserve.

Without intending to decide, that if the City Court had erred in the matter, *mandamus* is an appropriate remedy for the revision of the error, we have preferred to decide the question as it is presented by the argument of petitioner's counsel.

Application refused.