# Stoutz, Adm'r, *v.* Rouse.

*Settlement of Decedent's Estate in Probate Court.*

*Correction of clerical error; when § 3154 does not apply.*—If the statute authorizing the correction of certain clerical errors or mistakes within three years after the rendition of final judgment, and inhibiting this court from reversing on appeal, on account of such errors or mistakes, unless the primary court refuses to make the correction (Code, 1876, § 3154), applies to proceedings in the probate court, it has no application, where the error is not shown in the final decree, or in the record proper, but merely in the bill of exceptions, and consists of an improper conclusion drawn from oral testimony ; but such error will work a reversal.

APPEAL from Mobile Probate Court.

[Taylor, Adm'r, v. Bush.]

Tried before Hon. P. WILLIAMS, JR.

In the matter of the final settlement of the administration of F. A. Stoutz upon the estate of William Rouse, deceased. The facts are sufficiently indicated in the opinion.

CROOM & LEWIS, for appellant.
R. INGE SMITH, contra.

STONE, J.—We do not understand it to be seriously controverted, that in rendering the final decree in this cause, the probate court charged the administrator with twenty-seven dollars more than, on the exceptions and proof, he should have been charged with. It is contended for appellee that this was a mere clerical error, which would have been corrected in the court below, on motion; and will be corrected in this court, at the cost of the appellant. To this it is replied by the appellant, that the statute, prescribing such practice, is confined to clerical errors in the circuit court, and does not apply to errors of like kind, committed in the probate court.—Code of 1876, § 3154. The rulings of this court have not sustained this distinction.—*Ex parte Jones*, 61 Ala. 399; *Dunn v. Tillstson*, 9 Por. 272; *Benford v. Daniels*, 13 Ala. 667; *Moore v. Lesueur*, 33 Ala. 237; 1 Brick. Dig. 80, 82. But we need not decide this question.

The error complained of in this case is not shown in the final decree, nor in the record proper. It is only shown in the bill of exceptions; and even there, it simply consists of an improper conclusion, drawn from oral testimony. We are not aware of any case, in which a final judgment or decree was corrected *nunc pro tunc*, on such evidence; and we are unwilling to establish such a precedent. Nor will we here render a final decree; for, on another trial, the exceptions and testimony may make a different case.

Reversed and remanded.