# Hoober *v.* The State.

### Indictment for Arson.

1. *Admissibility of confessions.*—Confessions extorted by duress are not admissible as evidence; though it is no objection to their admissibility, in the absence of any promises, inducements, or threats, that they were made while the defendant was in the custody of an officer under lawful arrest.

2. *Same.*—In this case, the prisoner, a negro girl about seventeen years old, was in the service of the prosecutrix; and on the morning of the burning of the house, her mistress locked her up in an outhouse, and said to her, "Now, I reckon you will tell me something about burning the house. I believe you know all about it"; in reply to which she made confessions, acknowledging that she had burned the house at the instigation of another person; *held*, that the confessions ought not to have been admitted as evidence.

3. *Same.*—A subsequent confession made by the prisoner the same morning to another party, while still locked up in the outhouse, is presumptively inadmissible also, there being nothing to rebut the prevailing probability that the same influence which operated to extort the first confession, operated also to produce the second.

Appeal from Lowndes Circuit Court.

Tried before the Hon. John Moore.

The appellant, Elizabeth Hoober, being on trial under an indictment for arson, alleged to have been committed in setting fire in the night time to the dwelling house of one Mattie A. Reid; the said Mattie A. Reid, who was the prosecutrix, and a witness for the State, was asked by the solicitor, if, on the morning after the fire, the defendant made any confessions to her. Before answering the question directly, the witness said, that early on the morning after the fire, she went into the cook-room where defendant was kindling a fire preparatory to breakfast, and said to defendant, "Get a knife and go with me to the smoke-house to get some meat for breakfast"; that when they reached the

[Hoober v. The State.]

smoke-house door, defendant went in to get the meat and the witness remaining outside, after the defendant entered, closed the door and locked it, and remarked to defendant, "Now, I reckon you will tell me something about burning the house. I believe you know all about it." The defendant, by her counsel, then objected to the witness answering the question, on the ground, that, under these circumstances, the confession of defendant *was not voluntary.* The court overruled the objection and allowed the question to be asked, and the defendant excepted. Thereupon, the witness, in answer to the question testified, that defendant replied, "I burned it, but aunt Ann Clark told me to do it, and I would not have done it, if she had not told me to do it." The defendant's counsel then moved to exclude said answer from the jury, on the ground, that said confession was not *voluntary.* The court refused this motion and defendant excepted.

One Robertson, a witness for the State, testified, that on the morning after the burning, about 9 or 10 o'clock, he went to the smoke-house door, unlocked it and asked the defendant, who was still confined therein, if she set fire to the house, and that she replied, that she did, and further said, "Aunt Ann told me to get the things ready, and if she (Ann) didn't come back, to set the house on fire." Defendant moved to exclude from the jury what the witness testified defendant had said because the same was not *voluntary.* The court overruled the motion and defendant excepted.

The evidence showed, that the defendant was a colored girl of seventeen or eighteen years of age, well grown, and that she was the servant of the witness, Mattie A. Reid, and of weak mental capacity, and humble, docile disposition; and there was evidence tending to show, that said Mattie A. Reid had on several occasions whipped defendant. The *corpus delicti* was established, and there was other evidence besides the alleged confessions, tending to connect the defendant with the offense. The rulings of the court below, allowing the evidence of the alleged confessions to go to the jury, are here assigned as error.

T. N. McClellan, Attorney-General, for the State.

SOMERVILLE, J.—The confessions made by the defendant to the prosecutrix, were, in our opinion, improperly admitted in evidence. Under the facts appearing in the record, they must be considered as having been obtained through the duress of imprisonment, which operated to extort the confessions from the defendant, and to thus ren-

der them involuntary. It is true, that it is no objection to the admission of confessions that they are made while a prisoner is under lawful arrest, being in the custody of an officer of the law, in the absence of any promises, inducements, or threats. And it is not entirely settled that confessions made by one in a state of *illegal* imprisonment, without more, are to be deemed involuntary upon the ground that the necessary inference is that they were produced by the duress of such imprisonment. On this point the authorities are divided.—1 Greenl. Ev. (14th Ed), § 230; *Balbo v. The People*, 19 Hun. (N. Y.) 424; *Rex v. Thornton*, 1 Moody C. C. 27. All the authorities agree, however, that confessions, and even admissions, extorted by duress, can not be put in evidence against a defendant.—2 Best on Ev. § 551; 1 Whart. Crim. Ev. (8th Ed.), § 661; *Tilley v. Damon*, 11 Cush. (Mass.) 247; *Foss Hildreth*, 10 Allen (Mass.) 76; 1 Bish. Crim. Proc. (3d Ed.), § 1237.

The defendant in this case is shown to have been a colored girl, seventeen or eighteen years of age, in the service of the prosecutrix, who was her mistress. She is shown, moreover, to have been locked up in an out-house by the prosecutrix, the latter at the time making this declaration : " *Now*, I reckon you will tell me something about burning the house. I believe you know all about it." The effect of this declaration was naturally to create a hope in the mind of the defendant that she might be released from confinement by making a confession—and a corresponding fear that unless such confession was made, her imprisonment would be continued. In other words, that such confession might " bring temporal good or avert temporal evil." As said by Mr. Bishop,—" it does not matter whether the expected benefit is some specific thing promised, or an undefined clemency pictured to the hope without favor and without promise, or any other appreciable advantage of a temporal nature."—1 Bish. Crim Proc. (3d Ed.), § 1223. That this was the tendency of the circumstances surrounding the prisoner, we can have no doubt, due regard being had to her age, and her relation towards the prosecutrix, as servant and mistress, which was one of dominion and authority.—*Young v. The State*, 68 Ala. 569; *Redd v. The State*, 69 Ala. 255; *Porter v. The State*, 55 Ala. 95; 2 Best Ev. § 551.

The first confessions made being regarded as under duress, those subsequently made to the witness, Robertson, were presumptively inadmissible also, there being nothing to rebut the prevailing probability that the same influence which operated to extort the first confessions, operated also to produce the second.

The judgment is reversed and the cause remanded. In the meanwhile the prisoner will be kept in proper custody until discharged by due course of law.

## Indictment for Arson.

