# Palmer *v.* The State.

*Application to Vacate Judgment of Conviction.*

(Decided June 30th, 1911.   56 South. 50.)

1. *Judgment; Correction Nunc Pro Tunc.*—While the statute as to the correction of judgments nunc pro tunc for clerical misprisons, does not cover criminal cases, yet the court has power under the common law to make such corrections in such cases.

2. *Same; Entry Nunc Pro Tunc.*—Although the clerk omitted to enter the judgment at the term at which it was rendered, where it was clearly shown by the bench notes of the judge, and other entries and memorandum required by law to be made and entered, that a judgment was actually rendered, and what the judgment was, entry thereof could be ordered nunc pro tunc on a proper motion in the court of its rendition; and when entered, it will have the same effect as though entered when rendered.

3. *Same; Motion to Vacate.*—A trial court should retain a motion to vacate the entry of judgment because not made until after the adjournment of the term until the state has had a reasonable time to make a motion for a nunc pro tunc entry of the judgment actually rendered.

4. *Same; Execution.*—Where defendant voluntarily abandons his appeal from a conviction, and appeals only from the order denying his motion to vacate the entry of the judgment, and the judgment is corrected nunc pro tunc, such judgment can be executed at once unless the defendant shall appeal from the judgment ordering the nunc pro tunc entry.

5. *Appeal and Error; Presumption; Motion to Vacate.*—The mo- of the defendant to vacate the entry of a judgment on the ground

that the clerk had no authority to enter judgment against the defendant after the expiration of the term at which he was tried, will be construed most strongly against the defendant, and on appeal from such denial, it will be presumed that such a judgment was actually rendered, and that there exists evidence thereof from which a nunc pro tunc entry can be ordered.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Hez Palmer was convicted under an indictment, and thereafter entered motion to vacate the judgment entry because made and entered after the adjournment of the term at which he was tried. From a judgment denying this motion he appeals. Reversed and remanded.

See also 170 Ala. 102; 54 South. 272.

A. F. FITE, and K. V. FITE, for appellant. The judgment was void.—*Winn v. McCraney,* 46 South. 854. Motion to vacate was the proper remedy.—*Cofer v. The State,* 52 South. 935. The action of the appellant in filing an appeal bond before the entry of a judgment did not estop him from assailing the judgment entry as void.—*Ayers v. The State,* 71 Ala. 11; *Joiner v. The State,* 78 Ala. 448; *Nichols v. The State,* 100 Ala. 26; *Wright v. The State,* 103 Ala. 96; *Adams v. Wright,* 30 South. 574; *Mayers v. The State,* 40 South. 658.

ROBERT C. BRICKELL, Attorney General, for the State. If the judgment itself was good and was pronounced during the term of the court the fact that the clerk failed to write it up before adjournment could have no effect on its validity.—*Lanier v. Russell,* 74 Ala. 364; 23 Cyc. 839; 17 A. & E. Enc. of Law, 768; 18 Enc. P. & P. 446-7.

DE.GRAFFENRIED, J.—At the August term, 1910, of the circuit court of Marion county, appellant was

[Palmer v. The State.]

tried upon an indictment charging him with the of-
fense of adultery; upon plea of not guilty, was convicted
by the jury and fined the sum of $100, and the court
imposed 90 days hard labor as additional punishment
for said offense on the appellant. Having during the
progress of his trial reserved certain questions of law
for the consideration of the Supreme Court, appellant
prayed and was granted an appeal. He confessed
judgment for the fine and costs in the case with cer-
tain sureties, and the judgment was suspended pending
the appeal. The court adjourned before the clerk had
entered the judgment in the minutes, and about ten
days thereafter the clerk, against the objection of ap-
pellant, entered up a judgment in the minutes as of the
day on which the verdict was returned, and, as we pre-
sume, the judgment actually rendered. Thereupon the
appellant made a motion in the court in which the case
was tried to vacate and annul the said judgment, al-
leging that "the said action of the clerk of said court
was illegal and without authority of law, that he had
no authority to make a judgment entry in said cause
or to enter a judgment therein after said final adjourn-
ment of the term of court at which this defendant was
tried, and the action of the said clerk in entering such
judgment upon said minutes is void and the said judg-
ment is void and unenforceable."

The facts in support of the motion were substantially
as above stated, and it was also admitted "on the hear-
ing of said motion that on the 23d day of August, 1910,
the defendant, Hez Palmer, before the adjournment of
the August term, 1910, of the circuit court of Marion
county, Ala., made and executed a bond for his appear-
ance pending an appeal from the judgment purporting to
have been rendered at said August term, 1910, of said
court, and that a bill of exceptions was prepared and

tendered, but was not signed because the defendant requested the judge not to sign it, no transcript was made up, and nothing filed in the Supreme Court in pursuance of such appeal, and that said appeal has not been dismissed. Such appeal bond was made and executed prior to the entry upon the minutes by the clerk of the circuit court of the judgment hereinabove set out." The court overruled the motion, defendant reserved an exception to such ruling of the court, and appeals.

While our statutes covering the subject of amendments of judgments nunc pro tunc do not cover criminal cases, to use the language of Brickell, C. J., in *Ex Parte Jones,* 61 Ala. 399, "all courts of record have, by the common law, an inherent power to correct clerical errors or omissions which may intervene in making up their records. * * * After the adjournment of the term, if the record or entries or memoranda required by law to be made and kept furnish clear evidence, the misprision may be corrected by them. The power of the court at common law to make such correction extended alike to civil and criminal cases. Between them there was no distinction. * * * Admitting the argument of the petitioner, that the omission rendered the judgment incomplete, it was the inadvertence of the clerk. The power of the court to correct it is derived from the common law, and is plenary. The means of correction resting in writing, it was the duty of the clerk to make and preserve."

We are not able to agree with appellant in his argument that there was under the allegations of his motion no judgment rendered by the court in this case. The judgment should have followed the verdict as its natural and proper sequence, and the fact that it was not entered in the minutes of the court during the term was, if it was in fact rendered, a mere clerical mis-

prision.   Courts do not permit a clerical misprision
to defeat the ends of justice, and in the present case
the law furnishes to the state and the defendant a com-
plete and convenient remedy for the correction of this
omission, viz., a proceeding in the court which rendered
the judgment to cure the omission of the clerk for an
order requiring the entry of a proper judgment nunc
pro tunc.   Whenever the bench notes of the judge of a
court in which a judgment was actually rendered, but
not entered on the minutes by the omission of the clerk
during the term, taken in connection with the other
entries and memoranda required to be kept, furnish
clear evidence of the rendition of a judgment and what
the judgment really was, the court will, upon a proper
proceeding had for the purpose, order, nunc pro tunc,
the entry of such judgment to be made on the minutes,
and the judgment, when so entered, relates back to the
moment it was actually rendered by the court, and the
rights of the parties to the judgment are fixed by it as
of that date to the same extent as if it had been ac-
tually entered on the minutes during the term at which
it was rendered.   In the present case the court can
upon a proper motion made by the state or defendant
enter in the minutes nunc pro tunc the judgment actu-
ally rendered in the case, provided the bench notes kept
by the judge of the court pending the trial and other en-
tries and memoranda required by law to be made and
kept clearly show the actual rendition of a judgment,
and what the judgment really was, and such judgment,
when entered on the minutes pursuant to such order,
will have the same effect upon the defendant, upon his
sureties who confessed judgment with him for the fine
and costs in the case, and his sureties upon his appear-
ance bond, as if the judgment had been actually entered
up during the term at which it was rendered.

The case of *Campbell v. State,* 123 Ala. 72, 26 South 224, announces no new principle of law and in no way conflicts with the above conclusions. In the Campbell Case the defendant submitted his case on appeal when the record failed to show a judgment. This defect could have been remedied by an application by the defendant, before the submission of his case, to the appellate court for a writ of certiorari directed to the clerk of the trial court to perfect the record. Where certiorari issues to perfect the record, the record sent up in response to the certiorari will be regarded as the correct record.—6 Mayfield's Dig. p. 100; *Anniston v. Sou. Ry. Co.,* 145 Ala. 351, 40 South. 965.

Upon the issuance of a writ of certiorari by an appellate court to the clerk of a trial court to perfect the record, if it is discovered that, by the omission or neglect of the clerk of the court, the judgment appealed from had not, in fact, been entered in the minutes of the trial court during the term at which it was rendered, the judgment upon proper application can be nunc pro tunc ordered spread upon the minutes by such trial court and thus properly certified, as the judgment in the case, to the appellate court in response to such writ of certiorari. "A judgment may be amended at a subsequent term nunc pro tunc, and, the amendment being properly certified to the court, it will relate back to the rendition of the original judgment, and prevent a reversal."—*Seymour's Case,* 81 Ala. 250, 1 South. b5; 3 Mayfield's Dig. p. 1144, § 204.

The above methods of procedure, clearly announce the course which appellant should have pursued, if he really desired to prosecute his appeal, on the appeal taken by him in the present case. Upon a proper showing to the Supreme Court that the judgment in the record was not, in fact, the judgment from which

he appealed, appellant could have obtained his writ of certiorari to perfect the record, and could then, by proper proceedings, have obtained nunc pro tunc the true judgment of the court, instead of the judgment contained in the record and placed there without authority of law. The fact that appellant saw proper to pursue another course and requested the trial judge not to sign the bill of exceptions and on his request the bill of exceptions was not signed can have no effect. The courts were open to his applications to remedy any curable defects in his record, and the law furnished him with reasonable methods for securing that on account of which he now complains, viz., a legal entry of the judgment in the minutes of the court, instead of the minute entry which he seeks to have vacated. If he elected to allow his record, on his appeal, to remain without a bill of exceptions or a legal and proper judgment, it was not because the law failed to furnish him with a remedy.

We have proceeded, in this opinion, on the theory that the bench notes of the trial judge and the other entries and memoranda required by law to be kept in this case show that there was, in fact, a judgment rendered by the court in the case, and that, from said bench notes and entries and memoranda, the clerk, without authority of law, entered up, in vacation, a judgment on the minutes which, as a matter of fact, states correctly the judgment which the court did actually render, and that from such evidence the court can, on motion, properly have the judgment spread on the minutes nunc pro tunc. This assumption arises from the language of the appellant's motion to vacate the judgment, and, taking the language of the pleading most strongly against the pleader, we are, as above stated, authorized to presume, and do presume, that

legal evidence does exist from which the court can correct the defect of which appellant complains, and have entered, under authority of law and after the methods required by it, in the minutes of the court nunc pro tunc the judgment which should have been entered by the clerk during the term at which it was rendered. If such evidence exists, then the trial court can and should upon a proper petition by the state and notice to the appellant have entered nunc pro tunc the judgment which should have been entered on its minutes during the term at which he was convicted. If, on the other hand, sufficient legal evidence of the fact that the court did render a judgment in the case and what that judgment was does not exist, then the trial court should make an order striking the entry made by the clerk in vacation from its minutes, as prayed for in appellant's motion, and upon his application make an order discharging him and his sureties on his confession of judgment and appearance bond from liability.

Unquestionably the clerk had no authority to enter the judgment in the minutes of the court after the adjournment of the court for the term at which it was rendered. After the adjournment of a court, its power and the powers of its clerical officers over its minutes are at an end. If errors exist in its records, those errors can only be corrected under the forms and authority of law. Imputing, as the law does, absolute verity to such records, and declaring, as it does, that their truth can not be impeached on collateral attack, it is necessary that, after the adjournment of the court, no record shall be added to or diminished unless done under the order of a court having jurisdiction to so order.—*Wynn v. McCraney*, 156 Ala. 630, 46 South. 854.

[Palmer v. The State.]

We are, therefore, of opinion that the court below committed reversible error in refusing to grant appellant's motion to annul or strike the judgment entered by the clerk in the minutes of the court in this case. But, as we are authorized, from the language of appellant's motion, to presume that the bench notes, entries, and memoranda required by law to be kept in this case may be sufficient to authorize a proper judgment nunc pro tunc to be entered in the case, we are further of the opinion that the trial court should retain such motion on its docket until a reasonable time has been given the state within which to take the proper steps to obtain an order nunc pro tunc requiring the clerk of said court to enter in the minutes of the court the judgment which was actually rendered in said cause, if, in fact, a judgment was rendered, and the legal evidence of the rendition of the judgment, and what the judgment actually was, is brought, in the proper way, before the court.

As the record discloses that the appellant of his own volition has abandoned the appeal taken by him from the judgment of conviction, the judgment of the court, when entered in the minutes under proper proceedings nunc pro tunc, if such judgment is so entered, shall be at once executed unless the defendant appeals from the judgment of the court, if one is rendered, ordering the judgment to be entered nunc pro tunc on the minutes of the court.—*Ex parte Cameron*, 81 Ala. 87, 1 South. 20. In the meantime the appellant will remain in the custody of his bondsmen, or, if surrendered by them, in legal custody until discharged by law.

Reversed and remanded.