# Dority *v.* The State.

*Shooting Into Train.*

Decided June 4, 1912.  59 South. 317.)

1. *Railroads; Shooting at Train; Instructions.*—An oral instruction that section 7675, Code 1907, prohibiting shooting at train, was not enacted to protect the railroad company's property, but was enacted to protect human beings who might be riding on the car or trains, and was directed against the wanton and malicious conduct of parties, and that the railroad had nothing to do with the case, was not objectionable.

2. *Charge of Court; Reasonable Doubt.*—A charge defining reasonable doubt as one springing out of the evidence, not a speculative doubt, but one for which a reason may be given, was not objectionable as being misleading, or as being prejudicial to the defendant.

APPEAL from Winston Circuit Court.

Heard before Hon. J. J. CURTIS.

Lee Dority was convicted of maliciously shooting at or into a locomotive or car on a railroad train in or on which was a human being, and appeals. Affirmed.

The witness Spain testified that he heard the defendant make a statement to Mr. Spires, and, if Spires made any threats against him or offered him any inducement or reward to make the statement, he did not hear it, the only thing Mr. Spires said was, "Come clean with it, and it will be better." Mr. Spires testified that he offered no inducement or reward, and made no threats, and did not use the expression, "Come clean with it, that it would be better," but that he did say that he told the defendant that the evidence was plain that he did the shooting, or something of the sort.

RAY & COONER, for appellant. The statements were not voluntary and hence, were improperly admitted.—

[Dority v. The State.]

*State v. Stallings,* 142 Ala. 112; *McAlpine v. The State,* 93; 57 Am. St. Rep. 839; *Wyatt v. The State,* 25 Ala. 12; *Young v. The State,* 68 Ala. 569; 1 Greenl. 219. The court's definition of a reasonable doubt was erroneous.—*Avery v. The State,* 124 Ala. 20; *Cawley's Case,* 133 Ala. 138; *Smith v. The State,* 142 Ala. 14. The court was in error in its charge as to the purpose of the enactment of the statute punishing the offense charged.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State. There was no error in the court's ruling admitting the confession of the defendant. The witness stated that he offered the defendant no inducement or reward, and made no threats toward him.—*Washington v. State,* 58 Ala. 61; *Hornsby v. State,* 94 Ala. 55, 64; *Huffman v. State,* 130 Ala. 89, 91; *Bush v. State,* 136 Ala. 85, 88. The court's oral charge on a reasonable doubt was not error. It does not mean that a reasonable doubt is one for which a reason must be given, but one for which it is possible to find a reason. Every doubt is one for which a reason can be given.—*Avery v. State,* 124 Ala. 20, 22; *Whatley v. State,* 144 Ala. 68, 76; *Rose v. State,* 144 Ala. 114.

WALKER, P. J.—Two witnesses, C. K. Spires and a Mr. Spain, testified to incriminating statements made by the defendant to the witness Spires. In each instance the defendant objected to the introduction of the evidence because of an alleged failure to lay the proper predicate. There was some discrepancy in the versions of the two witnesses of the circumstances attending the making of the statements by the defendant. The version of the matter given by the witness Spires was such

14 CA

as plainly to support the conclusion that the statements were freely and voluntarily made, without threat or inducement of any kind. This evidence supported the finding by the court that a proper predicate was laid for the admission of evidence of the confessions. Even if the fact, as testified by the witness Spain, that Spires said to the defendant, "Come clean with it, and it will be better," could be regarded as rendering evidence of the confession inadmissible (*Huffman v. State,* 130 Ala. 89, 30 South .394; *Kelly v. State,* 72 Ala. 244), yet the court might well have found from the evidence before it that such was not the fact, and that it was apparent from the attendant circumstances that the confession was freely and voluntarily made, so as to render evidence of it admissible (*Bush v. State,* 136 Ala. 85, 33 South. 878).

In its oral charge to the jury the court, speaking of the statute (Code, § 7675), under which the defendant was indicted, said "This statute was not made for the purpose of protecting the railroad company's property, and the railroad company has nothing to do with this case. This was enacted for the purpose of protecting human beings who may be riding in the car or upon the train of the railroad company. It is directed against the wanton and malicious conduct of parties." An exception was reserved to that part of the charge which stated that "the railroad company has nothing to do with this case." In the connection in which this statement is found, the making of it gave the defendant no valid ground of exception. It was not calculated to make any impression on the jury other than as an admonition to them to consider the evidence only with a view of ascertaining whether or not the defendant had committed the offense denounced by the statute, and without regard to the effect of his conduct upon the rail-

road company. We can see no impropriety in the use of such an expression by the court in its attempt to explain to the jury the issue in the case and to caution them against being diverted by inquiries foreign to the proper subject of their deliberations.

In the course of its oral charge the court instructed the jury as follows: "A reasonable doubt may be given as one springing out of the evidence; such fact must come from the evidence—not a mere speculative doubt, but one arising out of the evidence, for which a reason may be given." The defendant excepted to the part of this instruction which asserted that the doubt must be "one arising out of the evidence, for which a reason may be given." If there was a fault in this part of the instruction, it was not such a one as to make it unfavorable to the defendant. The statement may be subject to the criticism that it was calculated to mislead the jury to the conclusion that they would be justified in treating any doubt arising from the evidence as a reasonable one if a reason for it could be given, however whimsical or unsubstantial that reason might be. The existence of such a misleading tendency in the charge was favorable to the defendant, not prejudicial to him, and therefore could not be made a ground of complaint by him.—*Whatley v. State,* 144 Ala. 68, 39 South. 1014; *Carroll v. State,* 130 Ala. 99, 30 South. 394.

The counsel for the appellant do not undertake to show that there was error in any other ruling which the record presents for review, and we discover no prejudicial error in any of the rulings of the trial court.

Affirmed.