(82 South. 489)

### CURRY v. STATE. (6 Div. 831.)

(Supreme Court of Alabama. April 10, 1919.)

**1. CRIMINAL LAW ⊜⇒996(1) — MISTRIAL — AMENDMENT OF MINUTES.**

Where record entries show by necessary inference that defendant was present at the trial, and at the time mistrial was entered, court was warranted in entering judgment nunc pro tunc, amending the minutes so as to show that defendant was present at the time the jury reported its inability to agree upon a verdict, and was discharged, and a mistrial entered.

**2. CRIMINAL LAW ⊜⇒1177—REVIEW—HARMLESS ERROR—AMENDMENT OF RECORD.**

Court's action in refusing to strike sheriff's affidavit as to defendant's presence in court upon discharge of jury for inability to agree and ordering of mistrial, upon motion to amend minutes so as to show defendant's presence at such time, was not reversible error, where the docket entries or bench notes of the arraignment, pleas, order setting the case for trial, continuance thereof, and entry upon actual trial show by necessary inferences that defendant was present at such time.

**3. SUNDAY ⊜⇒30(8)—MISTRIAL — DISCHARGE OF JURY.**

The fact that the entry of mistrial and discharge of jury occurred on Sunday, the minute entry of discharge of jury being of such date, did not make of Sunday dies juridicus within the meaning of the common law.

**4. CRIMINAL LAW ⊜⇒185—FORMER JEOPARDY —MISTRIAL—DISAGREEMENT OF JURY.**

Under Const. 1901, § 9, and Code 1907, § 7314, where jury retired Friday at 3 o'clock p. m. and appeared in open court Sunday at 3 p. m., and in defendant's presence reported its inability to agree, and was discharged by court, and a mistrial entered, the retrial of defendant was not barred by former jeopardy.

**5. CRIMINAL LAW ⊜⇒532(½) — EVIDENCE — CONFESSION.**

When a confession is offered in evidence against a defendant in criminal trial, the duty devolves upon the court to ascertain and declare by its ruling whether or not such confession was free and voluntary.

**6. CRIMINAL LAW ⊜⇒1144(12) — APPEAL — PRESUMPTIONS — CORRECTNESS OF TRIAL COURT'S RULING.**

When confessions have been admitted as evidence against defendant's objection, the presumption on appeal is in favor of the correctness of the ruling of trial court.

**7. CRIMINAL LAW ⊜⇒1086(4)—APPEAL—RECORD—ADMISSION OF EVIDENCE.**

The admission in evidence of a defendant's confession does not warrant reversal, unless the record affirmatively shows that manifest error was committed in the admission thereof.

**8. CRIMINAL LAW ⊜⇒519(1) — EVIDENCE — VOLUNTARY CONFESSIONS.**

Confession to be admissible need not be spontaneous, but merely voluntary, without appliances of hope or fear from others.

**9. CRIMINAL LAW ⊜⇒519(9) — EVIDENCE — CONFESSION.**

Confessions are not rendered inadmissible by reason of having been obtained by propounding to accused questions assuming his guilt.

**10. CRIMINAL LAW ⊜⇒523 — CONFESSIONS — DECEPTION.**

That confession was obtained by artifice or deception does not render it inadmissible.

**11. CRIMINAL LAW ⊜⇒520(2)—CONFESSIONS—INDUCEMENT.**

That defendant was exhorted to tell the truth, though accompanied by a statement that it would be best for him to do so, does not render his confession inadmissible.

**12. CRIMINAL LAW ⊜⇒520(3), 522(1)—EVIDENCE—CONFESSION.**

Prior unavailing threats or inducements made or offered to defendant are not sufficient to render his confession inadmissible if the confession was thereafter made without regard to and uninfluenced by such threats and inducements.

**13. CRIMINAL LAW ⊜⇒520(6) — EVIDENCE — CONFESSIONS—PROMISE OF COLLATERAL BENEFIT.**

If a confession, made in response to a promise of a collateral benefit to the defendant, offered no hope or favor to the defendant in regard to the charge against him, it is voluntary and admissible in evidence.

**14. CRIMINAL LAW ⊜⇒520(1), 522(1) — EVIDENCE—CONFESSIONS—EXTRANEOUS FACTS.**

Though a confession be obtained by threats or promises, if it discloses extraneous facts which show the truth and tend to prove the commission of the crime, such facts may be proved, and so much of the confession as relates strictly to the facts so discovered is admissible.

**15. CRIMINAL LAW ⊜⇒519(1) — EVIDENCE — VOLUNTARY CONFESSIONS.**

In determining whether a confession is voluntary, it will be considered in the light of defendant's immediate surroundings and circumstances, with due regard for his age, character, and mental qualifications.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Cliff Curry, alias, etc., was convicted of murder in the first degree, and appeals. Reversed and remanded.

The amended minutes are as follows:

The court having heard the evidence and considered the same as submitted on the defendant's motion to amend the minutes of this court and the solicitor's cross-motion and answer, and it being the opinion of the court from said evidence that the minutes of this court in the case of the State v. Cliff Curry should be amended so as to speak the truth as shown by the evidence and the minutes in this case, the court therefore orders, adjudges, and decrees that the minutes in this case be amended as follows, viz.: By inserting in said minutes of the 3d

day of February, 1918, immediately after the words, "Appearing in open court," where the same words first appear together in said minutes of the said 3d day of February, 1918, the following words: "The defendant being then and there accompanied by his counsel, Hugh H. Ellis, and both the defendant and his counsel being in open court from the time the said jury appeared until and including the order of the court allowing the said jury to separate and discharging them and the order of mistrial in said cause." And said minutes of the 3d day of February, 1918, are hereby amended as follows: By striking out the words in said minutes of said day, namely, "By consent of the defendant," where said words occur together in the minutes of this cause on said day.

Hugh H. Ellis, of Birmingham, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

THOMAS, J. The defendant was convicted of murder in the first degree, and sentenced to imprisonment for life.

The record shows that on arraignment the defendant came in his own proper person, and by attorney, and being in open court pleaded "not guilty" to the indictment for murder; that a day thereafter was fixed for the trial of his cause; that order for special venire, etc., was made and entered by the court and return thereof by the sheriff; that a continuance was had therefrom to another date; the defendant being present in person and by attorney when said order of continuance was made. On said last-named date fixed for his trial came the solicitor for the state and the defendant in his own proper person and by attorney; and, being duly arraigned upon said indictment, for his plea thereto, defendant said he was not guilty. The issue was joined on the plea, and came a jury of good and lawful men, impaneled and sworn according to law, before whom the trial of the cause was entered upon, at which trial, according to the docket or minute entry of the court, it was "made to appear to the court that, on this 3d day of February, 1918, at 3 o'clock p. m., the jury in this cause appearing in open court, after having been sent out for deliberation in this case on Friday, February 1, 1918, at 3 o'clock p. m., and reporting their utter inability to agree, and that they are hopelessly divided upon a verdict in this case, and reporting that it is their opinion that it is impossible for them to agree on a verdict in this case, after making effort and having deliberated for 48 hours, and failing to agree on a verdict in this case, it is the opinion of the court from evidence taken that the jury cannot agree upon a verdict in this cause if kept together longer, and that there is a manifest necessity for their discharge. The court, therefore, hereby allows the jury to separate, and they are discharged without

reaching a verdict in this case, and by consent of the defendant a mistrial is entered by the court, and a new trial is ordered in this case."

Thereafter (February 23d) the solicitor prosecuting for the state came, and, also, the defendant in his own proper person and by attorney being in open court, it was ordered that the 4th day of March be set as the date for his trial, which cause on that date was passed and reset for a subsequent date, the record reciting that the defendant and his attorney were present in court. The court ordered the sheriff to summon the venire indicated, and that a copy of such venire and the indictment against the defendant be forthwith served on defendant by the sheriff of the county, which order was shown to have been duly executed by the sheriff.

On the day of the last trial defendant, through his counsel, filed his plea of former jeopardy, to the effect that the state ought not to further prosecute the indictment against him, for that on "January 31, 1918, at a regular term of court, which court had jurisdiction to hear and try said cause, the defendant was duly arraigned and placed upon trial before a jury of 12 men duly sworn and impaneled in said cause upon a plea of 'not guilty'; that said jury, after hearing the evidence and the charge of the court on, to wit, the 1st day of February, 1918, in the afternoon of said day retired to consider their verdict; that thereafter on, to wit, Sunday, the 3d day of February, 1918, and without the consent of defendant, the said jury and jurors were discharged by the court unlawfully and without any legal necessity therefor, and without rendering a verdict. The order of said judge discharging said jury being in words and figures as follows: * * *" (the order of mistrial hereinbefore set out).

The plea further averred that defendant was the identical person charged in the indictment on which the former trial was had and now charged, and which offense is based on the same transaction and act alleged in said indictment; that the jury was discharged without the consent of defendant, and before the jury had ample and sufficient time to consider its verdict, and before the discharge of said jury was authorized by law; that there was no manifest necessity for the discharge of said jury; that said jury was discharged on a Sunday in violation of the law, and "for aught appearing the defendant nor his attorney was present in open court at the time said order declaring a mistrial was so entered as aforesaid; and that the record fails to affirmatively show that defendant was present in court at the time a mistrial was so ordered."

Defendant further moved to amend the minutes of the court in said cause by striking therefrom the recital that the mistrial

was entered by "consent of the defendant"; that the record showed affirmatively that the consent so recited was interlined in the minutes of the cause by error or mistake of a deputy clerk in the office of the clerk of the circuit court.

The state answered defendant's motion to amend the minutes nunc pro tunc by motion to strike out the words "by consent of the defendant," where they occurred in the minute entry; and for further answer to the motion averred that at the time of the beginning of the trial of said cause against the defendant Curry, as shown by the minute entry, on January 31st, and "continuously thereafter, up to and including the time when the jury reported its inability to agree upon a verdict, and when the court announced its order discharging the jury and ordering a mistrial" the defendant "was present in court," and, being so present, it was immaterial whether he "consented to the discharge of said jury and the entry of the order of mistrial"; that the defendant was present in court at the time the jury reported its inability to agree on a verdict, and the order of mistrial was entered as shown by the bench notes, wherein it was recited that the defendant pleaded to the indictment and by the recitals in the minutes that he was present in court at the beginning of the trial, which said minutes and bench notes are referred to and made a part of the state's answer. The state further said that if the minutes of the court be amended, it should be to show the truth, and should recite the fact now shown by the record that "the defendant was in court at the time the jury reported its disagreement and the order of mistrial was entered," and "did not consent to the discharge of said jury or the entry of said order of mistrial, if such be the fact." The state sought to support its motion by an affidavit of one Greene, a bailiff of the circuit court, who was present during the trial of the cause against defendant and when the jury in said cause announced its inability to agree upon a verdict and when the judge discharged the jury and entered an order of mistrial, that the defendant was present in court, together with his attorney, at the time of the report of the jury of its inability to agree upon a verdict, and at the time the court entered the mistrial and discharged the jury. The defendant moved to strike the affidavit of said Greene because, among other grounds, the facts set out therein as to defendant's presence in court at the time of the order or judgment declaring a mistrial and discharge of the jury were de hors the record. The amended minute will be set out by the reporter.

[1, 2] The record or the docket entries show arraignment, pleas, order setting the case for trial, order for venire in due form and order, and in all such orders and docket entries is the recited fact that defendant was present in court in his own proper person and by attorney, except in the order for a special venire. And while the foregoing order or judgment of mistrial and of the discharge of the jury did not recite the presence of the defendant and his counsel at the time of mistrial and discharge of the jury, yet the foregoing docket entries or bench notes of the arraignment, pleas, order setting the case for trial, continuances thereof, and the entry upon the actual trial, show the presence of the defendant in court at the several stages of the proceedings against him in said court. That is to say, such record entry or entries show by necessary inferences that the defendant was present at the trial and at the time the mistrial was entered. Thus the record in the cause (aside from the affidavit of the bailiff, Greene) warranted the entry of the judgment nunc pro tunc on motion of state's counsel. This question was recently considered in Cosby v. State, 80 South. 803,[1] where, on the authority of Dix v. State, 147 Ala. 70, 41 South. 924, it is said that repeated recitals of the defendant's presence in court are not necessary, and that the record and quasi record evidence stated afford sufficient basis for the judgment and sentence nunc pro tunc. The record and evidence thus referred to were docket entries showing arraignment, plea, order setting the cause for trial, order for venire and the jury, and verdict entered on the indictment. See, also, Hendley v. State, 76 South. 904.[2] For recent authorities on amendments nunc pro tunc, see Campbell v. Beyers, 189 Ala. 307, 66 South. 651; Wilder v. Bush, 75 South. 143;[3] Dix v. State, supra; Palmer v. State, 2 Ala. App. 265, 56 South. 50. There was no reversible error in not striking the affidavit of Greene, for it only showed what the record or docket entries, or reasonable inferences therefrom, showed.

[3] The fact that the entry of mistrial and discharge of jury occurred on Sunday, February 3d, the minute entry of the discharge of the jury being of that date, did not make of Sunday dies juridicus within the meaning of the common law. Reid v. State, 53 Ala. 402, 25 Am. Rep. 627; Chamblee v. State, 78 Ala. 466; Simmons v. State, 129 Ala. 41, 29 South. 929; Sanford v. State, 143 Ala. 78, 39 South. 370. On the report of the jury on Sunday of its inability to agree, the defendant had the same opportunity to have the jury polled as to their disagreement or probability of agreement by further consideration. In Walker v. State, 117 Ala. 42, 23 South. 149, the jury remained together without rendering a verdict until 12 o'clock midnight of the last day of the term of court; held that such jury was discharged by operation of law, and that a mistrial was

[1] 202 Ala. 419.   [2] 200 Ala. 546.   [3] 201 Ala. 21.

the result, and that the fact that defendant was not present at the time the jury was discharged was immaterial.

[4] In the instant case disagreement of the jury was reported on Sunday, and the jury's discharge as provided by law, does not support the plea of former jeopardy. Const. § 9; Code 1907, § 7314; Andrews v. State, 174 Ala. 11, 15, 16, 56 South. 998, Ann. Cas. 1914B, 760; Robinson v. State, 52 Ala. 587; Barrett v. State, 35 Ala. 406, 415; United States v. Perez, 9 Wheat. 579, 6 L. Ed. 165; Simmons v. United States, 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; Thompson v. United States, 155 U. S. 271, 274, 15 Sup. Ct. 73, 39 L. Ed. 146; 2 Rose's Notes, U. S. Rep. 291, 295.

The trial court committed no reversible error in entering a mistrial and discharging the jury engaged in the first trial of defendant, the same being authorized by law as ascertained by the court and shown by the docket or minute entry thereof, or in the amendment of the judgment nunc pro tunc on a subsequent day of the court. Robertson v. King, 120 Ala. 459, 24 South. 929; Cosby's Case, supra.

[5-7] The remaining question for decision is presented by several objections and exceptions to rulings of the trial court on the admission in evidence of what is called defendant's confession. Was that confession voluntary, as the expression is commonly understood in the criminal law? It is settled law that when a confession is offered in evidence against a defendant in criminal trial, the duty devolves upon the court to ascertain and declare by its ruling whether or not such confession was free and voluntary. When confessions have been admitted as evidence against a defendant's objection, the presumption is in favor of the correctness of the ruling of the trial court, on appeal, and reversal will not be had because of the admission of such evidence, unless the record affirmatively shows that manifest error was committed in the admission of such evidence. Price v. State, 117 Ala. 113, 23 South. 691; Wilson v. State, 191 Ala. 7, 67 South. 1010; Sharp v. State, 193 Ala. 22, 26, 69 South. 122.

[8-11] It is not necessary that a confession should be spontaneous; only voluntary, "without appliances of hope or fear from others." 1 Greenl. Ev. § 220; Levison v. State, 54 Ala. 520, 525. There are decisions to the effect that it is not incumbent upon parties obtaining or receiving confessions from an accused to warn or caution him that what he says may or will be used against him on the trial of a criminal cause (Golson v. State, 124 Ala. 8, 26 South. 975; Sampson v. State, 54 Ala. 241, 243; Seaborn & Jim v. State, 20 Ala. 15; Levison v. State, supra); nor are confessions rendered inadmissible if the same were obtained by propounding questions to the accused which assumed his guilt (White v. State, 133 Ala. 122, 127, 32 South. 139; Carroll v. State, 23 Ala. 28, 58 Am. Dec. 282); or by artifice or deception (King v. State, 40 Ala. 314; Levison v. State, supra); or that defendant was exhorted to tell the truth, though accompanied by the statement that it would be best for him to do so (Huffman v. State, 130 Ala. 89, 91, 92, 30 South. 394; Kelly v. State, 72 Ala. 244; Aaron v. State, 37 Ala. 106; King v. State, supra; Dority v. State, 5 Ala. App. 208, 210, 59 South. 317).

[12] It is also the declared law that prior unavailing threats or inducements made or offered to a defendant are not sufficient to render his confession inadmissible, if the confession was thereafter made without regard to and uninfluenced by such threats and inducements. McAdory v. State, 62 Ala. 154; Mose v. State, 36 Ala. 211; Levison v. State, supra.

[13] If a confession made in a criminal case is in response to a promise of a collateral benefit to the defendant, and offered no hope or favor to the criminal in charge against him, such confession is held voluntary and admissible in evidence against him in the trial of the criminal charge. McKinney v. State, 134 Ala. 134, 32 South. 726; Stone v. State, 105 Ala. 60, 17 South. 114; McIntosh v. State, 52 Ala. 355.

[14] Though a confession be obtained by influence of threats or promises, if it discloses extraneous facts which show the truth and tend to prove the commission of the crime, such facts may be proved, and so much of the confession as relates strictly to the facts so discovered. Pressley v. State, 111 Ala. 34, 39, 20 South. 647, and authorities.

[15] The question presented for decision is, when the whole confession of defendant is considered in the light of his immediate surroundings and circumstances, having due regard for his age, character, and mental qualifications, is said confession involuntary? In Owen v. State, 78 Ala. 425, 428 (56 Am. Rep. 40), Judge Stone thus stated the rule of vitiating influence of promises or threats affecting confessions of defendants:

"Any, the slightest, menace or threat, or any hope engendered or encouraged that the prisoner's case will be lightened, meliorated, or more favorably dealt with, if he will confess—either of these is enough to exclude the confession thereby superinduced. Any words spoken in the hearing of the prisoner, which may, in their nature, generate such fear or hope render it not only proper, but necessary, that confessions made within a reasonable time afterwards shall be excluded, unless it is shown by clear and full proof that the confession was voluntarily made, after all trace of hope or fear had been fully withdrawn, or explained away, and the mind of the prisoner made as free from

bias and intimidation as if no attempt had ever been made to obtain such confessions. And when a confession has been once obtained after appliances of hope or fear, any subsequent confession must alike be excluded, until the prisoner's mind is fully and clearly disabused in the manner suggested above, and until it is fairly explained to him that the confession previously made cannot harm him, nor be given in evidence against him. Less than an entire obliteration of all ground of hope or fear previously engendered will not meet the severe requirements of the law; and trial judges could not well be too strict in the enforcement of this rule."

In weighing confessions as to whether or not voluntary, the age, character, and situation of the accused at the time it was made, are important considerations. Manifestly, if the defendant is of tender age or weak intellect, his will may be the more easily overcome by the same circumstances than that of one who is more intelligent or more mature. For this reason greater attention should be paid to a defendant's situation and surroundings. This is the position taken by the courts whatever the theory of exclusion of incriminating statements may be. Beckham v. State, 100 Ala. 15, 17, 14 South. 859; Levison v. State, 54 Ala. 520, 524; Hoober v. State, 81 Ala. 51, 1 South. 574; Young v. State, 68 Ala. 569; Johnson v. State, 59 Ala. 37; Brister v. State, 26 Ala. 107; Washington v. State, 53 Ala. 29; Sampson v. State, 54 Ala. 241; Porter v. State, 55 Ala. 95; Newman v. State, 49 Ala. 9; Peck v. State, 147 Ala. 100, 102, 41 South 759; McAlpine v. State, 117. Ala. 93, 100, 23 South. 130.

Under the rule that confessions disclosing extraneous facts which show the truth and tend to prove the commission of the crime, though the confession, thereof was obtained by influence of threats or promises, such facts may be proved and so much of the confession as relates strictly to the facts discovered (Pressley v. State, supra) have application to the defendant's separating his clothing from that of Brady Howell. That is to say, defendant's sorting of the clothing in two piles, indicating which belonged to Howell and which to himself, if coupled with the further evidence that the assortment made by him was true, was competent evidence against him in relation to the blood stains found on such clothing and his explanation that he did not know how the blood came thereon, and that his brother had been wearing the shirt in question. So, as to the location of the pistol with which the crime was alleged to have been committed, if it was found at the place indicated by defendant in his confession; and likewise as to the book or papers placed in the back of the car driven by the deceased chauffeur on the night of his assassination; the location of the body and of the car, its condi-

tion as to the blood being thereon and with reference to proximity to road, woods, and other natural objects mentioned in defendant's confession, in so far as the same corresponded with his statements thereof. Aside from the foregoing, the confession was involuntary, and should have been excluded on defendant's motion, when the same is tested by the rule we have quoted from Judge Stone's Owen v. State, supra.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.