## LOCICERO et v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12672.   Decided Feb 3, 1933

M. A. Picciano, Cleveland, for plaintiff in error.
Frank T. Cullitan, Prosecuting Attorney, Cleveland, for defendant in error.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, (4th Dist) sitting.

MIDDLETON, J.

We are not entirely clear what the trial court intended to say to the jury in this instruction. If the jury understood that the irreconcilability referred to must come within the scope of the definition of a reasonable doubt, it may have inferred that such irreconcilability must be such as to raise a reasonable doubt of the guilt of the accused. If so understood, the instruction was prejudicial to the rights of the defendants. Irreconcilability of the evidence must apply to all the evidence on the question of guilt and does not in any way shift the burden of proof. If for any reason the facts relied on for conviction are not consistent each with the other, and all consistent with the hypothesis of guilt and no other hypothesis, the state must fail. It seems to this court that the request of the defendants for a charge as contained in the case of Carter v State should have been granted by the court and given as requested or at least all of the material facts in the charge requested should have been given by the court and that it was prejudicial error not to do so.

It is further contended that the court erred in an instruction to the jury which reads as follows:

"No, you rather deal in probabilities, and if the probabilities that you find exist in the case directs your minds to the conclusion beyond a reasonable doubt that these parties are guilty, your verdict must be guilty, and if it does not so direct your minds to such a conclusion your verdict should be not guilty."

The foregoing is complained of but it is necessary to call attention to what immediately preceded this instruction in order to

fully understand it. This instruction was given immediately after the court had said to the jury:

"The state is required to make proof to you of the guilt of these parties beyond a reasonable doubt before you are justified in finding them guilty. That doesn't mean that the state must prove to you to an absolute certainty the guilt as a mathematical problem is demonstrated."

Then follows the charge of which complaint is made. It is not as a matter of law correct to say that in criminal cases the law deals with probabilities. It deals with actual facts and deductions from actual facts. In the prosecution of a criminal case there must be either direct and positive proof of guilt or there must be facts established from which deductions may be made which establish guilt, but such deductions cannot rest on probabilities. The quantum of evidence on which a finding of guilty may be returned, deals with moral certainties and not probabilities.

"Probability is the state of being probable and probability has been defined to be having more evidence for than against and supported by evidence which inclines the mind to belief but leaves some room for doubt. It clearly involves the idea of a preponderance of evidence as used in connection with testimony." Bain v State, 74 Ala. 39.

As an appendix to the case of **Clark v State**, 12 Ohio 495, may be found the famous definition of a reasonable doubt prepared by Judge Birchard. It closes with this admonition:

"You will then look to all the evidence and if that satisfies you of the defendant's guilt you must say so. If you are not fully satisfied but find only that there are strong probabilities of guilt your only safe course is to acquit."

While it may be true that the charge enjoins on the jury that the probabilities must establish proof beyond a reasonable doubt the. vice in the instruction is in the fact that probabilities alone never justify a conclusion of guilt beyond a reasonable doubt. We conclude that this instruction, together with the one first noticed, require a reversal of the judgment in this case.

Further complaint is made of the refusal of the trial court to grant a supplemental motion for a new trial. This motion was predicated on the claim that during the progress of the trial a member of the jury had visited the property involved in the prosecution and had thereafter conveyed his impression of the surroundings to the jury. The only direct evidence of this juror's visit to the property in question was his own affidavit, in which he states that he did visit the property for the purpose of informing himself of the situation so as to enable him to better understand the testimony of the witnesses. His evidence is the only evidence on which the fact of his visit can be said to be legally established, the remaining evidence being apparently based on hearsay. Under these circumstances the well settled rule that a juror may not be permitted to impeach a verdict must apply and the trial court properly overruled the motion. It would be well for trial courts under circumstances like those involved here to make an example of one who is guilty of such infraction of the rules of the court, and this court would suggest that it is not too late for such action in the instant case.

For the reasons heretofore given the judgment must be reversed and the case is remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and BLOSSER, J, concur.