258 So.2d 68

**Tommy Glen GARRISON**

v.

**STATE.**

**7 Div. 97.**

Court of Criminal Appeals of Alabama.

Feb. 8, 1972.

Hubert H. Wright, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Judge.

First degree burglary, Code 1940, T. 14, § 85: sentence, forty years.

I

The appellant made a motion for a change of venue. This was done on the day of trial, November 10, 1970, and renewed November 11. We excerpt from the record (R. 16):

"* * * we would like to orally move at this time for a change of venue.

And then, tomorrow morning, we would like to present the same motion in writing on the grounds that we feel that this defendant cannot get a fair trial in this jurisdiction at this time for the reason that the case has received a lot of notoriety, in the Gadsden Times, the local newspaper, and on the radio stations, and we feel that since the defendant Barry Everitt Haygood, who is actually a co-defendant, has received a sentence of 50 years, we feel certain that the news media will follow that up, linking him with this defendant Garrison.

"The main witness for the State is well known in this area. There are so many law officers involved, and the facts are such, and there has been so much discussion about it around this locality, that we don't feel that the defendant can receive a fair trial, and we therefore move for a change of venue.

"THE COURT: Overruled."

Defendant's Exhibit 2 in support of this motion is a tear sheet of page 1 of the Gadsden Times for Monday, November 9, 1970. The pertinent article appears as follows:

"FOUR BRADFORD ROBBERY SUSPECTS GO ON TRIAL

"Four escapees from a Georgia prison were to go on trial today here in circuit court as suspects in the armed robbery of the John Bradford home August 10.

"In addition to armed robbery, the four are charged with kidnapping and night-time burglary. On trial are Thomas G. Smith, Columbus, Ohio; Tommy Glenn (sic) Garrison, Nazoo Rt. 2; Barry Everett Haygood, Atlanta; and Roy Edward Flowers, Macon, Ga.

"Around 1:30 a. m. on Aug. 10 four armed bandits overpowered Bradford's security guards, chained and tied up members of the family, along with offi-cers who came to the rescue. Bradford and one bandit exchanged shots, and Bradford was hit in the foot by a bullet.

"The ski-masked robbers ransacked the home of valuable jewelry but left thousands of dollars worth of furs behind in their haste to make a getaway.

"Emory Thomas, a security guard, was taken as a hostage, and the suspects fled in a rental truck parked at the foot of the hill.

"Authorities were alerted and three of the men were captured in running a roadblock on US 431 just south of Boaz. One suspect was hit in the shoulder during a gun battle with arresting officers. The fourth gunman who had fallen over a wall outside the Bradford's home, had been left behind."

The breaking and entering occurred August 10, 1970; the trial began some three months later.

Defendant's Exhibit 2, supra, was the only evidence aside from a call for judicial notice of alleged widespread—even national —publicity.

■ However, no proof was made of bias in the district from which the venire was summoned—in this instance Etowah County—as appears in the record before us.

■ The movant has the burden to reasonably satisfy the trial court that an impartial jury cannot be had in the circuit court to which the indictment is returnable. Tiner v. State, 271 Ala. 254, 122 So.2d 738; Dannelly v. State, 47 Ala.App. 363, 254 So.2d 434.

Hence, the motion was overruled without error.

II

■ In closing argument the Deputy District Attorney encountered a defense ob-

jection. The record, p. 115, shows the following:

"MR. HENSLEE: Now, I can't imagine how you can rob a man unless you just actually literally get him out and torture him for a period of time, and that is what happened to these people—

"MR. WRIGHT: Please the Court, we object to the argument about torture.

"MR. HENSLEE: I can argue the inference.

"THE COURT: Overruled.

"MR. WRIGHT: We except."

Count II of the true bill charged robbery. The householder, Bradford, was wounded in a shooting affray with the burglars. He obeyed an order to toss his gun into a corridor adjoining his bedroom. His wife obeyed a command to bring her jewelry and furs. These she put in a bundle. The burglars, after shackling the household members, security guards and policeman, took off with the jewelry and four hostages.

There was no proof of "torture" being employed, that is aside from the necessary element of violence or threats thereof designed to make the Bradfords part with their possessions.

Argument of allowable inferences whether deductively or inductively is permissible so long as there is evidence before the jury for a factual premise.

Thus in Hobbs v. State, 74 Ala. 39, the solicitor in his closing speech to the jury said, "The defendant marked the cow and hid her out." This statement derived from the defendant's being seen with the cow, newly marked, tethered on land across a lane from the defendant's house. In holding this was permissible argument of a legitimate inference Stone, J., (74 Ala. at 41) said:

"* * * The language objected to in this case was manifestly uttered as an inference, and that inference we can not say was unsupported by any testimony. On the contrary, we think the inference drawn from the testimony was very reasonable and natural. We have no wish to shackle discussion, or to scrutinize, narrowly and critically, inferences counsel may draw from proven facts. Trial courts would be treading on dangerous ground, were they to exercise a severe censorship over the line of argument counsel may pursue. They must not allow them to constitute themselves unsworn witnesses, and to state, as facts, matters of which there is no testimony. But we have gone no further. On the contrary, we expressly said, in Cross' Case [68 Ala. 476], that 'every inference counsel may think arises out of the testimony,' is a legitimate subject of criticism and discussion."

In Cross v. State, 68 Ala. 476, we find in pertinent part:

"* * * In his closing argument, the prosecuting attorney was allowed to state, as facts, what he alleged had occurred in the perpetration of another homicide having some alleged features analogous to those developed on this trial. Now, there was not only no evidence before the jury of that other homicide, or its details, but such evidence, if offered, would have been illegal and irrelevant. This was not argument, and could furnish no safe or permissible aid to the jury in considering and weighing the testimony before them. The jury, in their deliberations, should consider no facts, save those given in evidence. They may and should employ their reasoning powers, aided by their experience, and by the arguments of counsel, in determining what facts the testimony establishes. * * * We adopt the language of the court in Brown v. Swineford, 44 Wis. 282 [28 Am.Rep. 582], that 'it is error sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue and not in

evidence, or to assume, arguendo, such facts to be in the case, when they are not;' and if the statement be of facts which would not be legal evidence, if offered as such, yet, if their natural tendency is to influence the finding of the jury, the same rule would apply. We sum up, lest we be misunderstood. There must be objection in the court below, the objection overruled, and an exception reserved. The statement must be made as of fact; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury; or the case is not brought within the influence of this rule. To come within the last clause above, namely, where the natural tendency is to influence the finding of the jury, the case must be clear and strong. We would not embarrass free discussion, or regard the many hasty or exaggerated statements counsel often make in the heat of debate, which can not, and are not expected to become, factors in the formation of the verdict. Such statements are usually valued at their true worth, and have no tendency to mislead. It is only when the statement is of a substantive, outside fact—stated as fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."

However, torture or no torture (semantically analyzed or rejected) is immaterial here because the jury by its verdict expressly repudiated the argument by acquitting Garrison of robbery. Farris v. State, 41 Ala.App. 51, 130 So.2d 54.

We have carefully considered the entire record under the requisites of Code 1940, T. 15, § 389 and conclude that the judgment below is due to be

Affirmed.

PRICE, P. J., and ALMON and TYSON, JJ., concur.