(93 South. 446).

## CUNNINGHAM v. STATE. (7 Div. 223.)

(Supreme Court of Alabama. May 4, 1922.)

1. **Homicide ⬅️203(3)—Predicate for admission of deceased's declaration identifying defendant held sufficient.**

In murder prosecution, the predicate *held* sufficient for admission of deceased's declaration identifying the defendant as the one who inflicted the injury from which the deceased died shortly thereafter.

2. **Criminal law ⬅️338(1)—Exclusion of testimony as to per cent. of alcohol shown on label of bottle of extract in court held proper; its relevancy not being shown.**

In murder prosecution, exclusion of testimony sought to be elicited by defendant as to per cent. of alcohol shown on label on bottle of extract produced in court *held* proper, where there was no sufficient evidence to render the answer relevant, and the court was not informed of defendant's theory whereby other evidence was expected to be introduced that would render the testimony relevant, and the bottle was not introduced in evidence, and was not, on subsequent introduction of evidence that a bottle of extract was found on defendant when arrested in a state of intoxication, identified as the bottle so found.

3. **Criminal law ⬅️400(11)—Label best evidence of contents.**

Exclusion of evidence as to contents of label on bottle produced in court *held* proper; the label itself being the best evidence of its contents.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Homicide ☞272—Whether deceased had authority to arrest defendant held for jury.**

In prosecution for murder of police officer committed by officer when trying to arrest defendant, defended on the ground that the deceased was committing a trespass on the person of the defendant at the time of the killing, testimony that the defendant had stolen a sweater valued at more than $5, and that the deceased had been informed thereof, and had been requested to arrest defendant, *held* to make the question of the deceased's authority to arrest defendant one for the jury, in view of Code, § 7324, defining grand larceny, and section 6269, authorizing a police officer to arrest a person when he has reasonable cause to believe that the person has committed a felony.

Appeal from Circuit Court, Talladega County; S. W. Tate, Special Judge.

Teague Cunningham was convicted of murder in the first degree, and he appeals. Affirmed.

A witness for the state, D. T. Howell, testified that he remembered the occasion on which Eugene Hobbs was killed; that he was standing in front of a garage in the act of putting gas in his car; that the defendant ran between him and the filling station. Witness further testified that he looked into the alley and saw Hobbs stagger out, with blood gushing from his throat, and that some one cried out, "Catch that negro; he cut that man's throat." Witness further testified that he, with two others, got into his car and kept the defendant in sight until they came to an alley, in which the defendant was immediately thereafter captured; that the defendant was placed in witness' car, carried to where Hobbs was, and Hobbs was asked if defendant was the man who cut him; that Hobbs replied, "Uh huh."

Charges 12 and 13, refused to the defendant, read:

"(12) You are instructed, gentlemen of the jury, that if you believe the evidence in this case, you must acquit the defendant.

"(13) You are instructed, gentlemen of the jury, that, under the evidence in this case, the state has failed to show that Eugene Hobbs was legally authorized to attempt the arrest of the defendant, and that, in making such attempt, if, in fact, such an attempt was made, he committed a trespass on the person of the defendant."

C. S. Ellis, of Talladega, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion to exclude the answer of Howell that deceased identified defendant as the man who cut his throat came too late, no objection having been made to the question. 13 Michie, Ala. Dig. 720. The evidence having made out a case of grand larceny, charges 12 and 13 were properly refused. Code 1907, §§ 6269, 7324.

THOMAS, J. The defendant was tried and convicted of murder in the first degree, and by its verdict the jury fixed his punishment at death.

The judgment entry was sufficient, and no question was reserved to review the action of the court with respect to venire, etc. Anderson v. State, 18 Ala. App. 429, 93 South. 68.

[1] The predicate was sufficient to admit deceased's declaration that he identified the defendant as the one who inflicted the injury from which deceased died shortly thereafter. Curry v. State, 203 Ala. 239, 82 South. 489.

[2, 3] At the time the question was sought to be propounded by defendant, "Now what per cent. [alcohol] does that show on the label there?"—referring to a bottle of extract produced in court—no sufficient evidence had been introduced to render the answer relevant, nor was the court informed of defendant's theory whereby other evidence was expected to be introduced that would render the evidence sought to be elicited relevant. The fact that evidence was thereafter introduced by defendant that, when arrested, a bottle of extract was found on him, and that he was under the influence of intoxicants, was not sufficient to identify the bottle exhibited to witness Dr. Dixon, and of which he was sought to be interrogated, as stated. Moreover, the bottle of extract was not introduced in evidence, and, if so, the label thereon was the better evidence of its content. There was no error in declining like question by defendant to witness Wren.

[4] Charges 12 and 13, refused to defendant, sought to instruct the jury that, under the evidence, deceased was not authorized to arrest, or attempt to arrest, the defendant, and that in making such attempt he was committing a trespass on the person of defendant. The charges were properly refused. Witness Atkins testified that the value of the sweater supposed to have been stolen by defendant from the storehouse was of more than $5 in value, and the testimony was such that it authorized the reasonable inference that the sweater was stolen by defendant from the store in which Atkins was at the time clerking. This circumstance, if believed by the jury, made a case of grand larceny under the provisions of section 7324 of the Code, and gave application to provisions of section 6269 of the Code, as follows:

"An officer may also arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence; or when a felony has been committed, though not in his

presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made, upon reasonable cause, that the person arrested has committed a felony." Deason v. Gray, 192 Ala. 611, 69 South. 15; Gibson v. State, 193 Ala. 12, 69 South. 533.

Under this phase of the evidence the charges sought would have denied consideration of the relevant question of fact which was before the jury for determination. If the jury believed that the article was of $5 or more in value, that it had been taken from the storehouse by defendant, and that the police officer was making an effort to arrest him because of this felony, at the request of the owner or person in charge of the store who had informed the officer of the commission of the felony by the defendant, the jury was authorized to find that deceased had authority to place defendant under arrest without becoming a trespasser for so doing.

The jury was fully and fairly instructed by the court, in general and special charges, on the law having application to the evidence. No reversible error being disclosed, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.