171 So. 386

## WILLIAMS v. STATE.

### I Div. 194.

Court of Appeals of Alabama.

Dec. 15, 1936.

Rosa Gerhardt, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

It is conceded by appellant's counsel, in brief, that the sole question in this case arises on the defendant's plea of "not guilty by reason of insanity."

The first and most insistent argument of appellant's counsel is grounded on assignments of error 25, 26, 27, 28, 29, 30, 31, and 32, all of which relate to the argument of the solicitor in presenting the case to the jury and in his final address.

■ The first of these objections is stated as follows: "During Solicitor Chamberlain's argument to the jury, Miss Gerhardt, counsel for defendant, interposed objection to the solicitor's mapping out the defense, or the manner in which the defense attorney handled the case." This objection is so general that there is nothing for this court to pass upon. Objections of this character must be specific, so that the appellate court may know what was said and done on the trial of the case.

■ The other objections contained in the assignments of error above set out relate to a statement by the solicitor to the jury in closing his argument, as follows: "They have no evidence and they ask you to go out and bring a verdict of not guilty by reason of insanity and say 'here is your pass—go free.' " In this connection, we are cited the case of Boyle v. State, 229 Ala. 212, 154 So. 575, 587, in which the Supreme Court held as error a statement by the prosecuting officer as follows: "If you find this defendant not guilty by reason of insanity Dr. Partlow will be the man who will afterwards have to consider and pass upon the question of sanity." The instant case presents a very different proposition and is but the expression of an opinion on the part of the prosecuting attorney as to the effect of the verdict, without burdening the case with a subsequent consideration by some other agency. With the fragment of the solicitor's argument set out in the bill of exceptions, we cannot say that it was such a statement as not to be legitimate argument in the trial of this case.

The statements of the solicitor objected to do not come under that class of cases where the prosecuting officer makes statements of fact outside of the record. In this case, the excerpts are mere exhortations to the jury to render a verdict in accordance with the insistences of the State and therefore are within the bounds of legitimate argument. In Hobbs v. State, 74 Ala. 39, 41, Stone, Chief Justice, and in Mitchell v. State, 114 Ala. 1, 5, 22 So. 71, Brickell, Chief Justice, have both issued timely warnings to trial courts not to exercise too severe censorship over the line of argument counsel may pursue in the presentation of their causes to the jury; to do so is treading on dangerous ground and appellate courts will closely scan such rulings. Gibbs v. State, 22 Ala.App. 345, 115 So. 693. After reading and considering a large number of decisions on this subject, the court is of the opinion that the solicitor was well within the bounds of legitimate forensic liberty in the use of the expressions attributed to him.

The appellant next insists that it was reversible error for the court to refuse to allow the defendant to show, by the witness Nelson Dubose and again by the witness Conrad, that Nelson Dubose had been convicted of assault with intent

to murder in the circuit court of Mobile county.

■ Ordinarily, the refusal of the court to permit the defendant to prove that a State's witness had been convicted of assault with intent to murder would be reversible error. Such conviction is of a crime involving moral turpitude and affects his credibility as a witness. Roden v. State, 5 Ala.App. 247, 59 So. 751; Deal v. State, 136 Ala. 52, 34 So. 23; Gordon v. State, 140 Ala. 29, 36 So. 1009. But in this case the error could not affect the substantial rights of the defendant for the reason that other witnesses testified to the same statement of facts as to the homicide, none of which was denied by the defendant, and none of the facts testified to by Dubose related to the plea of not guilty by reason of insanity, which, as is conceded by appellant's counsel, is the sole question involved in this case. Therefore, if the ruling in this respect is error, it could not have affected the substantial rights of the defendant and would not be sufficient basis for a reversal of this case.

■ Assignments of error from 2 to 7, inclusive, and 15 are based upon the rulings of the court in allowing the solicitor to ask leading questions of State's witnesses being examined by him. This was in the discretion of the court and in the absence of abuse, which does not here appear, will not be revised.

The two questions asked by the defendant of State's witnesses on cross-examination and made the basis of assignments of error 8 and 9 are without merit. The first is argumentative, and the second calls for a conclusion.

■ The questions asked by the solicitor on cross-examination of Dr. J. M. Weldon, a witness being examined on behalf of the defendant, and made the basis of assignments of error 10, 11, and 12, were well within the rule of legitimate cross-examination. The rulings of the court on these questions were free from error.

■ The questions asked by the defendant to the witness Theresa Williams, the wife of the defendant, to which objections were sustained, did not call for any evidence relevant to either of the issues presented by the pleas, and, for that reason, the State's objections to these questions were properly sustained. Moreover, we are not advised by the record as to what the answers to these questions would have been and are unable to affirm that the ruling of the court sustaining the objections, though erroneous, probably injuriously affected the rights of the appellant.

The propositions of law requested in written charges by the defendant and refused by the court, where the same stated correct propositions of law, were all fully covered by the court in its oral charge and by written charges given at the request of the defendant.

■ During the deliberation of the jury, one of the jurymen became ill and was allowed to leave the jury room and spend a short time with his son, a physician, in the private room of the presiding judge, and then allowed to resume deliberation with the remaining jurors when he got better. There is nothing to the prejudice of this defendant in the action of the court in permitting this juror, who was ill, to be attended by his physician, under the supervision of the court, and without any pretext that the act in any way controlled the judgment of the juror in making up his verdict. Moreover, there was no objection made by the defendant to the attention given to the juror and no ruling of the court invoked. As an original proposition, there is nothing for us to pass on.

We have carefully considered this record and every question raised and presented. The defendant appears to have had a fair and an impartial trial, with the judgment of the court tempered with exceeding mercy. There is no reversible error, and the judgment is affirmed.

Affirmed.