4 So.2d 311

## DYER v. STATE.

### 6 Div. 682.

Supreme Court of Alabama.

June 16; 1941.

Rehearing Denied Nov. 6, 1941.

Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. S. Lawson, Atty Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

682

LIVINGSTON, Justice.

The appellant, Albert Dyer, indicted and tried for killing his wife, Dorothy Dyer, was convicted of murder in the first degree, and sentenced to suffer the death penalty. He interposed the plea of "not guilty," and "not guilty by reason of insanity." He offered no evidence to disprove the fact that he killed his wife.

The deceased was shot three times with a pistol. The homicide took place in the lobby of a hotel in Birmingham on the night of November 11, 1939. The appellant and deceased had been married for the period of four or five months preceding the killing.

On or about October 19, 1939, the defendant and deceased consulted a physician for the purpose of determining whether the deceased was pregnant, and were advised that she was. The appellant introduced evidence tending to prove that the appellant wanted a child, and that deceased did not. That deceased upon being advised that she was pregnant became angry and resentful, and refused to further live with appellant as his wife, and finally left him on November 3, 1939, and refused to return home, living instead with a friend (Mrs. Lyemance) whom appellant shot and killed at the same time and place he killed his wife.

Appellant contends that his wife's action, detailed at great length in the record, dethroned his reason and that he was not criminally responsible at the time the fatal shots were fired.

■ Appellant challenges the constitutionality of the Act of 1932, Special Session, page 89, Code 1940, Tit. 62, §§ 207–220, and the Act of 1935, page 1010, Code 1940, Tit. 7, § 221; Tit. 62, §§ 221–227, providing for what is commonly known as the "secret venire" for counties having a population of more than 300,000. These same questions have been decided contrary to the contention of appellant in an able decision by Judge Samford in the case of Dixon v. State, 27 Ala.App. 64, 167 So. 340, and in which case certiorari was denied by this court in Dixon v. State, 232 Ala. 150, 167 So. 349. It would serve no good purpose to repeat what was there said. See, also, Green v. State, 233 Ala. 349, 171 So. 643; Vaughn v. State, 236 Ala. 442, 183 So. 428.

■ Section 8662, Code of 1923, Code 1940, Tit. 30, § 52, gives to parties having respective peremptory challenges or the right to a struck jury, the right within the limits of propriety and pertinence to reasonably propound questions to jurors to enable such party or his counsel to intelligently exercise that right, though the matters of which inquiry is made are not a disqualification. Such right to be exercised within the sound discretion of the court.

Appellant complains of the court's ruling in not allowing answers to the following questions: "Are either of you kin to any member of the police force of the city of Birmingham? Also, are either of you kin to the sheriff of this county or any deputy sheriff of this county?" The inquiry permitted under the provisions of section 8662, supra, should be liberal and extend to any and all matters touching the qualification, interest or bias of prospective jurors. It was not an abuse of discretion in refusing to allow answers to questions as general in character and scope as those set out above. Similar questions had already been answered by the prospective jurors relative to officers known to be witnesses or having other connections with the case.

■ ■ In this State communications to a physician or surgeon by a patient under his charge, or by one seeking professional advice, are not privileged. The common law does not extend such privilege to physicians and their patients, and in the absence of a statute creating it, none exists in Alabama. The trial court was in error in advising defendant's witness, Dr. Copeland, to the contrary. However, the subsequent full and complete examination of the doctor by appellant rendered the error harmless. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ On cross-examination, over the objection of appellant, Dr. Copeland testified that Mrs. Dyer, the deceased, told him that she wanted him to arrest the development of pregnancy, and that Dyer (appellant) consented to it. This statement was made in the office of Dr. Cope-

land at the time Mr. and Mrs. Dyer were there for the purpose of determining whether or not Mrs. Dyer was pregnant. It was made to Dr. Copeland in his private office where Dr. Copeland and Mrs. Dyer were alone, and not in the hearing or presence of appellant. Dr. Copeland testified to the same effect on direct examination. The testimony on direct examination was probably not responsive to any question propounded to him by appellant's counsel, but no request to exclude it on that ground, or any other ground, was made. Therefore, the court's action in overruling appellant's objection was not erroneous.

■■ The duty of determining whether an admission or confession of the defendant was voluntary rests with the trial court. The fact that the accused was under arrest at the time of the confession did not render it inadmissible after a proper predicate had been laid. Curry v. State, 203 Ala. 239, 82 So. 489; Cunningham v. State, 207 Ala. 433, 93 So. 446; Stone v. State, 208 Ala. 50, 93 So. 706.

■■ No confession of guilt should be allowed to go to the jury unless it appears, either from surrounding circumstances or from positive evidence, that the confession was freely and voluntarily made. In this State confessions are prima facie involuntarily made, and there must therefore be evidence addressed to the trial judge (unless the circumstances attending the confession show that it was voluntary) rebutting that presumption and showing prima facie that the confession was voluntarily made. Godau v. State, 179 Ala. 27, 60 So. 908.

■ In the instant case, the trial court had before it evidence tending to show that appellant voluntarily made the statement introduced. The fact that the written statement signed by appellant was not actually signed in the presence of the notary public whose jurat it bears, makes no difference if he actually signed it; nor does the fact that the statement was signed several days after appellant was questioned by the officers and his answers recorded by a stenographer and later transcribed, make any difference if the statement was voluntarily made.

■ We have carefully examined the statement admitted in evidence in connection with the testimony of appellant who testified in his own behalf. There is no material difference in the statement and appellant's testimony, and as a consequence no harmful error could have intervened. Stewart v. State, 231 Ala. 594, 165 So. 840.

■ Appellant reserved an exception to the following part of the court's oral charge: "If you believe that the confession was made under duress or threats or promises, that it was not the free expression of this man, you can lay it aside and not consider it; but if you believe it was made free and voluntary without any threats or promises of reward by any of the officers or any persons present, why you may consider it along with all the rest of the testimony and give it such weight as you think you should."

This part of the court's oral charge was not a correct statement of the law in this State. But the charge was more favorable to appellant than he was entitled to in that regard, and was therefore harmless error.

■ In the course of his argument to the jury, the assistant solicitor said: "Gentlemen of the jury, what else is he guilty of, if he ain't of murder in the first degree, that is the only thing he can be guilty of, and just like every other defendant that hasn't got an honest answer to a charge such as he is charged with, and when they have got nothing else upon which to base a defense they hide behind a plea of not guilty by reason of insanity." This argument was within the limits of forensic license. Williams v. State, 27 Ala.App. 293, 171 So. 386; Hobbs v. State, 74 Ala. 39; Mitchell v. State, 114 Ala. 1, 22 So. 71.

■■ Appellant requested in writing the following charge: "42. If the jury is reasonably satisfied from the evidence that the defendant was drunk at the time of the homicide, then you would not be authorized under the law in convicting the defendant of murder in the first degree."

Voluntary drunkenness does not excuse crime, but its excessiveness may produce such a mental condition as to render intoxicated persons incapable of forming a specific intent, and, when intent is an essence of the crime, drunkenness as affecting mental state is a question for the jury. Charge 42 is misleading in this respect, and was therefore properly refused. King v. State, 90 Ala. 612, 8 So.

856; Ivory v. State, 237 Ala. 344, 186 So. 460; State v. Massey, 20 Ala.App. 56, 100 So. 625; Lambert v. State, 208 Ala. 42, 93 So. 708.

In addition, the rule stated above was covered in defendant's given charge 45, as follows: "If the jury is reasonably satisfied from the evidence that the defendant was at the time of the homicide in such mental condition, whether caused by intoxication or otherwise, that he had lost the power of control of the will and was incapable of forming a design, then the jury would not be authorized under the law to convict the defendant of murder in the first degree."

Charges 28 and 29 are general affirmative charges as to murder in the first degree, and murder in the second degree, and were properly refused.

Appellant's counsel complains of remarks made by the trial court during the progress of the trial and in the hearing and presence of the jury. We have carefully examined each such remark separately and collectively. In our opinion, no error prejudicial to the rights of appellant intervened.

We find no error in the record, and the judgment is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.