36 So.2d 86

COX v. BENNETT.

6 Div. 695.

Supreme Court of Alabama.

June 17, 1948.

Jackson, Rives & Pettus, of Birmingham, for appellant.

Chester Austin and Clifford Emond, both of Birmingham, for appellee.

STAKELY, Justice.

This is a suit brought by Mrs. Edith Bennett, as Administratrix, under the Homicide Act, Code 1940, Tit. 7, § 123, for the wrongful death of her husband, Charles Lincoln Bennett. The Star Provision Company and Thomas E. Cox were named as parties defendant. The plaintiff struck The Star Provision Company as party defendant. The case was submitted to the jury on one count charging simple negligence, the plea of the general issue and the plea of contributory negligence. There was verdict and judgment for the plaintiff and hence this appeal.

Charles Lincoln Bennett was fatally injured on September 29, 1946, while walking east on Avenue C along a public sidewalk at or near the Southwest intersection of Avenue C and 21st Street South, in the City of Birmingham. He was struck by a truck of the Star Provision Company, which was being backed across the sidewalk by an employee of Thomas E. Cox from out of a filling station operated by Thomas E. Cox. There was no proof that the horn was blown or any signal given that the truck was about to back on to the sidewalk. The truck had been left at the filling station to be washed and lubricated.

### Assignment No. 1

In his opening argument to the jury counsel for plaintiff read to the jury, over the objection of defendant, § 1325 of the Municipal Code of the City of Birmingham, as follows:

"It shall be unlawful for the operator of any vehicle to emerge from an alley, stable, garage, filling station, or private driveway into or upon any sidewalk, street or alley, unless he has first brought such vehicle to a complete stop within twenty feet of such

sidewalk, street or alley area into or upon which he is about to enter."

The objection was that there was no evidence in the case that the truck did not stop within twenty feet before reaching the sidewalk. The objection was overruled. The court had judicial knowledge of the ordinance. General Acts 1943, p. 183. We quite agree that there should be some evidence in the record showing a violation of a particular statute or ordinance before it becomes relevant on the question of actionable negligence and therefore the subject of comment to the jury. Yarbrough v. Carter, 179 Ala. 356, 60 So. 833; Ubelmann v. American Ice Co., 209 Pa. 398, 58 A. 849; 45 C.J. p. 726.

█ Tennis R. Russell, a witness for the plaintiff, testified that immediately prior to and at the time of the accident he was walking north on the west side of 21st Street by the side of the filling station approaching the southwest corner of the intersection of Avenue C and 21st Street· when he first observed the truck involved in the accident. At that time the truck was approximately in front of the office part of the filling station which is located up inside the station approximately twenty feet back from the sidewalk. At that time the truck was moving backwards and was passing the office at a speed estimated by the witness as being a little bit faster than a man would normally walk. While the witness testified that he did not continue to watch the truck and did not know whether it stopped before it got to the sidewalk, he did testify as to the time which elapsed from the time he first saw it backing until he saw the man fall behind the truck out toward the street. He gave the following answers to the following questions:

"Q. How much time elapsed from the time you saw it backing up until it happened, do you have any judgment? A. Yes, sir, a second or two. A very short time. Walking down the street over this way as one does walk down the street, I had walked only a few steps.

"Q. I believe you said it was just a second until it occurred? A. A very short time. I had taken only a few steps.

"Q. You had just taken a few steps? A. Yes, sir. If it had been any long time to amount to anything, I would have been all the way to the corner when it happened."

The jury had before it a diagram of the location where the accident occurred and photographs showing the location and structure of the filling station on the corner of Avenue C and 21st Street. Under the evidence tending to show the distance travelled by the truck and the time which elapsed during its course, the jury had the right to infer that it did not stop within twenty feet of the sidewalk as required by the ordinance.

## Assignments 2 and 3.

█ Assignment of error No. 2 is based on the ruling of the trial court in permitting counsel to interrogate the panel of prospective jurors as to whether any of them had relatives connected with the Aetna Casualty and Surety Company. Assignment of error No. 3 is based on the refusal of the trial court to grant a mistrial after permitting counsel for plaintiff to make this inquiry.

This case was originally commenced against two defendants, one of which was. the Star Provision Company. It owned the truck which struck the deceased. The Star Provision Company carried public · liability insurance in the Aetna Casualty and Surety Company. The truck covered by this insurance was in the possession of the defendant Thomas E. Cox to be washed and lubricated when the employee of Thomas E. Cox in the course of doing these things backed the truck into the deceased. Thomas E. Cox carried his insurance with the American Fire & Casualty Company. The jury had been qualified as to this latter company. As stated the suit had been dismissed as to the Star Provision Company.

Section 52, Title 30, Code of 1940, is as. follows:

"In civil and criminal cases, either party shall have the right to examine · jurors as to their qualifications, interest, or bias. that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any

matter that might tend to affect their verdict."

In commenting on this statute, which was § 8662 of the Code of 1923, this court in Dyer v. State, 241 Ala. 679, 4 So.2d 311, 313, said:

"The inquiry permitted under the provisions of section 8662, supra, should be liberal and extend to any and all matters touching the qualification, interest or bias of prospective jurors."

Although the Star Provision Company was no longer a party to the suit, the statute of limitations had not run against an action against it. It was still a potential defendant in litigation growing out of the accident and in case of suit against it the Aetna Casualty and Surety Company might have had a possible interest in the suit. The fact that it furnished counsel to defend the Star Provision Company when that company was a party to the suit is some indication of such interest.

We do not overlook the proposition that under the omnibus clause in the policy issued by the Aetna Casualty & Surety Company there might be exclusions which would deprive Thomas C. Cox and his employees of the benefits of the policy. But absolute liability is not the test. Jones v. Pritchett, 232 Ala. 611, 169 So. 224. Rather it seems to us that the possibility of a law suit which the company might be called on to defend should give the right to interrogate the jurors as the court allowed. The right of inquiry under the statute is a broad right just so it is not exercised in bad faith or merely designed to prejudice the case. Duke v. Gaines, 224 Ala. 519, 140 So. 600. The words of the court in refusing to grant a mistrial show that it was keenly aware of its duty to keep prejudice and bad faith out of the case and that the question was not asked under circumstances which would unduly emphasize the matter of insurance. We find no error in the ruling.

### Assignment No. 4.

This assignment of error is predicated on the refusal of the trial court to continue the case due to the absence of a witness for the defendant, who was Bennie Wells, the driver of the truck. We have carefully examined the record in this regard, including the statement of the trial judge. Suffice it to say that there was no abuse of discretion and accordingly the ruling was without error. City of Birmingham v. Banks, 228 Ala. 295, 153 So. 189; Sovereign Camp, W. O. W., v. Colvin, 218 Ala. 616, 119 So. 635.

The judgment of the lower court is due to be affirmed.

Affirmed.

FOSTER, J., concurs.

GARDNER, C.J., and LAWSON, J., concur in the result.