318 So.2d 822

**In re Billy Don CLARK**

**v.**

**STATE.**

**Ex parte Billy Don Clark.**

**SC 1114.**

Supreme Court of Alabama.

Aug. 28, 1975.

494

William M. Dawson, Jr., Birmingham, for petitioner.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State, appellee-respondent.

HEFLIN, Chief Justice.

Petitioner was originally indicted for first degree murder, and was convicted of second-degree murder after he pleaded guilty to that lesser offense. But that conviction was reversed, *Clark v. State,* 48 Ala.App. 108, 262 So.2d 310 (1972), for the trial judge's failure to advise defendant of his privilege against self-incrimination and of the maximum and minimum sentences that might be imposed upon him by reason of his plea of guilty.

On being re-arraigned he entered a plea of not guilty and not guilty by reason of insanity. He was convicted of first degree murder this time. The Court of Criminal Appeals reversed on grounds of double jeopardy, but, on the state's petition for certiorari, this court reversed the Court of Criminal Appeals, *State v. Clark,* 294 Ala. ——, 318 So.2d 805 (1974). Upon remandment to the Court of Criminal Appeals that court affirmed the conviction.

Petitioner is again before this court and presents to us the question of whether the

trial court abused its discretion in not allowing petitioner's counsel on voir dire to ask prospective jurors the following question: "Do any of you believe it would be necessary to bring medical testimony or a medical doctor or an expert in order to prove medical insanity?"

In the trial court the petitioner filed a motion for the employment of psychiatric experts for the purpose of having the defendant examined in connection with his plea of not guilty by reason of insanity. The trial judge held that an indigent defendant was not entitled to the court employment of psychiatric experts since there was no authorization or monies for such employment, but offered the assistance of such psychiatrists available at the University of Alabama Clinic at Tuscaloosa. The appellant was taken there and examined by medical assistants but not a psychiatrist. The trial court further offered to have the appellant committed to the State Hospital for the Insane for examination under the provisions of Title 15, Section 425 et seq., Code of Alabama, 1940 (1958 Recompiled).

The appellant does not raise the issue of whether or not an indigent defendant is entitled to court employment of psychiatrists to assist him with a defense of not guilty by reason of insanity so this court does not address itself to that issue, but reference is made to the motion and these facts as a background.

Petitioner's argument is that since he was indigent and could not afford or compel testimony from medical experts, then he would be prejudiced to have on the jury anyone who believed such evidence was necessary in order to accept his defense of insanity.

Title 30, Section 52, appears to give the defendant two rights: 1) "to examine jurors as to their qualifications, interest or bias would affect the trial of the case," and 2) the right, "under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict." The question proposed by petitioner probably would not fit within the first category; but it does fit within the second.

This court has on occasion said that "the clear purpose of the statute is to limit the inquiry to matters that might probably bias the jurors in considering and determining the case." *J. B. McCrary Co. v. Phillips,* 222 Ala. 117, 130 So. 805 (1930); *Cox v. Roberts,* 248 Ala. 372, 27 So.2d 617 (1946). Nevertheless, there are many cases in which this court has said that the right given by the statute allows a "liberal" inquiry, *Dyer v. State,* 241 Ala. 679, 4 So.2d 311 (1941); a "wide latitude," *Reeves v. State,* 264 Ala. 476, 88 So.2d 561 (1956); and that "[t]he right of inquiry under the statute is a broad right just so it is not exercised in bad faith or merely designed to prejudice the case," *Cox v. Bennett,* 250 Ala. 698, 36 So.2d 86 (1948).

This court has held many times that under this section the right to question jurors remains within the sound discretion of the trial court. *Fletcher v. State,* 291 Ala. 67, 277 So.2d 882 (1973); *McRee v. Woodward Iron Co.,* 279 Ala. 88, 182 So.2d 209 (1966); *New York Times Co. v. Sullivan,* 273 Ala. 656, 144 So.2d 25 (1962), reversed on other grounds, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Aaron v. State,* 273 Ala. 337, 139 So.2d 309 (1961), cert. denied, 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82 (1962); *Roan v. Smith,* 272 Ala. 538, 133 So.2d 224 (1961); *Sims v. Struthers,* 267 Ala. 80, 100 So.2d 23 (1958); *Redus v. State,* 243 Ala. 320, 9 So.2d 914 (1942); *Dyer v. State,* 241 Ala. 679, 4 So.2d 311 (1941); *Rose v. Magro,* 220 Ala. 120, 124 So. 296 (1929).

Judge Cates of the Court of Criminal Appeals, in interpreting these cases, said this in *Ward v. State,* 44 Ala.App. 229, 253, 206 So.2d 897, 920 (1967) (on rehearing):

"Carefully analyzing the operation of § 52, supra, as construed by cases such as *New York Times [Co.] v. Sullivan,* 273 Ala. 656, 144 So.2d 25, and *Aaron v.*

*State,* 273 Ala. 337, 139 So.2d 309, we consider that our Supreme Court has avulsed the mandatory 'shall have the *right'* twice used in § 52 into a mere precatory adjuration to the humane instincts of the trial judge. The question of the voir dire examination of would be jurors allowed or disallowed below is not subject to review on appeal. *Rose v. Magro,* 220 Ala. 120, 124 So. 296 (hn. 10). (Italics added.)"

This court denied certiorari, 281 Ala. 650, 206 So.2d 922 (1967), but in doing so stated in a short opinion that its denial should not be taken as an approval of all the statements of law contained in Judge Cates' opinion. By our decision today, this court disapproves the quoted language insofar as it suggests that there can be no review of whether the trial judge abused his discretion in allowing or disallowing challenged voir dire examination. This court finds that such review is proper.

The State has filed a motion to quash the writ in this case. One of the grounds of the said motion is as follows:

"The issue of the Petitioner's right to question the venire as to their belief in the necessity of expert testimony to support a defense of insanity is abstract in this case, since there was no testimony, expert or nonexpert, nor any other evidence raising a question of the Petitioner's sanity."

This court feels that the State's motion should be granted. A review of the transcript reveals that there was no witness that expressed an opinion that the defendant was insane. The other evidence of this case pertaining to insanity of the defendant is indeed very weak. If there was any error in not allowing the question, it was error without injury. Therefore, the State is entitled to have the writ quashed.

Writ quashed.

MERRILL, MADDOX, JONES and SHORES, JJ., concur.