TYSON, Judge.
On December 19, 1980, Joe Curtis Herron shot and killed Robert Turner with a .20 gauge shotgun. The shooting occurred at the appellant’s home where several of appellant’s friends, including the victim, had been “sitting around drinking and watching television.” Appellant, having gone to a “back” bedroom, fired the fatal shot when Robert Turner proceeded down the hall on his way to the bathroom. The motive for the shooting was never clearly established.
At trial the jury found appellant guilty of “murder” and the trial court sentenced him to 25 years’ imprisonment.
Appellant does not challenge the sufficiency of the evidence on this appeal.
I
Appellant contends that reversible error occurred when the trial court refused to *992 “strike for cause” a member of the jury venire who was being represented at the time in a pending civil action by one of the assistant district attorneys. Since the trial court would not strike for cause, the appellant was forced to use one of his strikes to remove the prospective juror from the panel.
The mere fact that a juror is being represented by an assistant district attorney does not disqualify that person without some further showing of bias or prejudice. See Lowe v. State, 384 So.2d 1164 (Ala.Cr.App.), cert. denied, 384 So.2d 1171 (Ala.1980). For aught that appears in the record and in appellant’s brief, no questions were asked of this prospective juror to establish bias as a matter of law.
Therefore, the trial court did not err in refusing to strike for cause this juror.
II
Appellant further contends that the trial court erred in admitting his confession which he claims was not voluntarily given, because he is illiterate.
There is nothing in the record tending to prove that this 57 year-old appellant is or was illiterate. Furthermore, a showing of “illiteracy” will not in and of itself render a confession inadmissible as involuntary. Arnold v. State, 348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala.1977).
The officer who transcribed appellant’s statement testified that it was voluntarily given and that it was read to and approved by appellant before appellant signed it.
The trial court’s ruling was proper.
III
Appellant’s final contention is that the trial court erred in refusing a written requested jury charge concerning the requisite “intent” for murder. The charge refused was not necessary because the principles of law contained therein were covered by the trial court’s oral charge. In any event, this issue was not preserved for our review because no exception was taken to the trial court’s refusal of the charge. Section 12— 16-13, Code of Alabama 1975. Allen v. State, [Ms. Nov. 24, 1981], (Ala.Cr.App.1981).
There is no error in this record. Therefore, the judgment is affirmed.
AFFIRMED.
All the Judges concur.