The defendant was convicted of first degree burglary, Alabama Code § 13A-7-5 (a)(1) (1975), and sentenced as an habitual offender to life imprisonment without parole.
 I
The State's case was based primarily upon circumstantial evidence with the central issue being that of identification. The victim could not positively identify the defendant, but the discovery of his fingerprints on the sill of the window determined to be the point of entry into the victim's residence, when weighed with the remainder of the State's evidence, was sufficient for the jury to have reasonably found that the State's evidence excluded every reasonable hypothesis except that of the defendant's guilt. Dolvin v. State,391 So.2d 133 (Ala. 1980); Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1979). The identity of the accused may be established by the discovery of his fingerprints at the scene. See James v.State, 381 So.2d 672 (Ala.Cr.App. 1980); Cox v. State,373 So.2d 342 (Ala.Cr.App. 1979); Cummings v. State, 356 So.2d 779
(Ala.Cr.App. 1978).
We find no error in the denial of the defendant's motion to exclude.
 II
The character of the defendant's mother, called by him as a witness, was not impeached by the State's cross examination so as to warrant admission of testimony from another witness establishing her good character. A thorough review of the State's cross examination reveals not the slightest hint of a character "assassination". Mrs. Gratton, by her relationship to the defendant, was a biased witness and naturally partial to her son. The State's cross examination merely emphasized and stressed this bias.
 "A witness' good character is not provable to support his credibility unless he has been impeached in a way which authorizes proof of such character. This rule is applicable whether the witness is or is not a party to the action."
 "Impeachment of a witness by proof of his bias, not associated with any corrupt conduct by him in the case in hand, does not authorize proof of his good character in support of his credibility." C. Gamble, McElroy's Alabama Evidence § 176.01 (2), (6) (3rd ed. 1977) (footnotes omitted). *Page 191 
See generally McPhearson v. State, 271 Ala. 533, 125 So.2d 709
(1960); Funderberg v. State, 100 Ala. 36, 14 So. 877 (1894);Clark v. State, 56 Ala. App. 67, 318 So.2d 813 (1974), cert. quashed, 294 Ala. 493, 318 So.2d 822, cert. denied,423 U.S. 937, 96 S.Ct. 298, 46 L.Ed.2d 270 (1975).
"It is the clear right of the cross-examining party to elicit facts which weaken or qualify the case of the party examining in chief, or support the case of the cross-examining party. One of its chief functions [cross examination] is to test the credibility of the deposing witness." Madden v. State,40 Ala. App. 271, 112 So.2d 796, cert. denied, 269 Ala. 697,112 So.2d 800 (1959). Consequently, we find no error in the trial court's ruling.
 III
The defendant raises several issues concerning his having been sentenced as an habitual offender.
 A
Written notice given to the defendant two days prior to his sentencing that the State intended to invoke the provisions of the habitual felony offender statute was reasonable in form and time under A.R.Crim.P.Temp. 6 (b)(3)(ii). Hollander v. State,418 So.2d 970 (Ala.Cr.App. 1982); Holsclaw v. State,406 So.2d 1019 (Ala.Cr.App.), cert. denied, Ex parte Holsclaw,406 So.2d 1020 (Ala. 1981); Holley v. State, 397 So.2d 211 (Ala.Cr.App.), cert. denied, Ex parte Holley, 397 So.2d 217 (Ala. 1981).
 B
The law is well settled on the issue of ex post facto
application of the habitual felony offender statute. Numerous cases from this Court have consistently held that it is not. See e.g., Chambers v. State, 418 So.2d 948 (Ala.Cr.App. 1982);Dozier v. State, 415 So.2d 3 (Ala.Cr.App. 1982). It is equally as settled that convictions occurring prior to the effective date of the habitual felony offender statute may be used for enhanced punishment purposes. Lidge v. State, 419 So.2d 610
(Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala. 1982).
 C
The defendant's contentions concerning the application of §15-18-9, Code of Alabama 1975 and Tit. 15, § 331, Code of Alabama 1940 (recompiled 1958), recodified in § 15-18-24, Code of Alabama 1975 (repealed 1977 Ala. Acts 812, No. 607 § 9901 (January 1, 1980), have been answered to his detriment inTurner v. State, 429 So.2d 645 (Ala.Cr.App. 1982).
 D
The trial court had no discretion in setting the defendant's sentence. The State properly proved six prior felony convictions with the defendant, at the sentencing hearing, admitting to four of them. The instant offense is a Class A felony. Ala. Code § 13A-7-5 (b) (1975). The trial court, pursuant to § 13A-5-9 (c)(3) had no discretion or alternative but to set the defendant's sentence at life imprisonment without parole. Consequently, there was no need to delay the sentencing past the time set by the trial court. George v.State, 423 So.2d 335 (Ala.Cr.App. 1982).
We have reviewed the remaining issues raised by the defendant in brief and find them to be without merit. This cause is hereby affirmed.
AFFIRMED.
All Judges concur. *Page 192