TYSON, Judge.
Archibald Cox was indicted for “theft in the second degree” in violation of § 13A-8-4(e), Code of Alabama 1975. The jury found the appellant guilty and he was sentenced to ten years’ imprisonment in the penitentiary.
The facts of this case will be briefly stated. Jesse Earl Johnson, Jr. testified he was employed as a change-maker in the Game Room of Gardner’s Tire Service on the evening of January 12, 1983. On that night, the appellant and another man were playing Pac-Man while Johnson was playing pool. At some point, Johnson looked and saw the appellant, or the man with him, break into the Pac-Man machine and remove the change box from the machine.. The two men then left the Game Room with the change box which contained $525.00 worth of quarters.
I
During the State’s closing argument, the following occurred:
*1216 “MRS. SMITHERMAN: This is a bad boy in the community.
“MR. JOHNSON: Judge, I object to this. This is improper argument.
“THE COURT: I didn’t hear it.
“MR. JOHNSON: I object. She said this is a bad boy in the community. There’s been no evidence whatsoever of that.
“THE COURT: Overruled.
“MR. JOHNSON: That is improper argument.
“THE COURT: Overruled.
“MR. JOHNSON: We would ask for a mistrial.
“THE COURT: Overruled.
“MR. JOHNSON: We except.
“THE COURT: Go ahead.
“MRS. SMITHERMAN: Was his theory based on the evidence, ladies and gentlemen? This boy is a bad boy in the community.
“MR. JOHNSON: Judge, I renew my objection. She’s made the same statement this is a bad boy.
“THE COURT: I’ve already overruled it. I overruled it again. Go ahead.
“MR. JOHNSON: We except again. (R. 124-125).
Defense counsel asserts that the prosecutor’s reference to the appellant as a “bad boy in the community” was improper and constitutes reversible error. We must agree.
It has long been established that “... the character of a defendant in a criminal case is not subject to attack by the State until the defendant has shown, or attempted to show, good character,” Jones v. State, 53 Ala.App. 690, 304 So.2d 34, 37, cert. denied, 293 Ala. 761, 304 So.2d 38 (1974).
The prosecutor’s remark constituted a direct attack on the character of the appellant and the remark was highly improper in light of the fact that there had been no attempt by the appellant to present evidence of his good character. We can find no support in the record for the prosecutor’s statement that the appellant was “a bad boy in the community.” Clearly, such improper remark constituted reversible error, contrary to the State’s contention that same was harmless error.
It is difficult to imagine that one could assert that the appellant would not have been prejudiced by being referred to as a “bad boy in the community”.
“... The deep tendency of human nature to punish, not because our victim is guilty this time, but because he is a bad man and may as well be condemned now that he is caught, is a tendency which cannot fail to operate with any jury, in or out of Court ...”
Jones, supra 304 So.2d at 37.
“This type of shorthand characterization of an accused, not based on evidence, is especially likely to stick in the minds of the jury and influence its deliberations. Out of the usual welter of grey facts it starkly rises — succinct, pithy, colorful, and expressed in a sharp break with the decorum which the citizen expects from the representative of his government.”
Hall v. United States, 419 F.2d 582, 587 (5th Cir.1969).
Defense counsel has properly preserved this issue for our review. Therefore, we must reverse and remand this cause to the trial court for a new trial based on the foregoing discussion.
In light of our reversal, it is unnecessary to discuss the other two issues raised by appellant on this appeal.
REVERSED AND REMANDED FOR NEW TRIAL.
All the Judges concur.