George Garfield Heath, III was indicted and convicted for the first degree robbery of Skinner's Grocery Store in Calhoun County. Sentence was life imprisonment.
 I
The victim of the robbery positively identified Heath as the perpetrator of the offense. Heath's brief argument that the State failed to present a prima facie case is totally and wholly without merit.
 II
Heath argues that his motion to strike a member of the venire should have been granted because the venire member had filed a complaint which was still pending against defense counsel.
The transcript, as corrected, reveals that venire member Pat Marlowe knew defense counsel.
 "MR. FIELD [District Attorney]: Have any of you employed Mr. Semmes or used him as your attorney?
"(No audible response.)
 "MR. FIELD: Are any of you personally acquainted with him?
"(A prospective juror raised his hand.)
"MR. FIELD: What is your name, please?
"PJ 22: Pat Marlowe.
"MR. FIELD: Are you a personal friend of Mr. Semmes?
"PJ MARLOWE: No, sir.
"MR. FIELD: But you do know him?
"PJ MARLOWE: Yes, sir.
"MR. FIELD: Yes, sir?
"PJ CONNELL: I'm his son's principal.
 "MR. FIELD: Okay. Would that make any difference to you if you were picked as a juror?
 "PJ CONNELL: No, sir. I don't know him that well. I know his son.
"MR. FIELD: How about you, Mr. Marlowe?
"MR. MARLOWE: No."
After both the prosecutor and defense counsel had questioned the jury venire, the following occurred:
 "(Bench conference, out of presence of the prospective jury.)
 "MR. SEMMES: Judge, Mr. Marlowe filed a complaint five months ago against me that's still pending. I do want to ask some questions of him outside the presence of all the jurors. I think that's still pending. I don't think he could be fair in this case. I would just like to question him here if we could.
 "THE COURT: I've already asked them if they had any reason why they couldn't serve as a juror.
 "MR. SEMMES: He did file a complaint with the State Bar. I would like to make a request to strike for cause.
"THE COURT: Motion denied."
The record shows that Mr. Marlowe was not selected as a juror to try the defendant. The record contains nothing further with regard to this issue. On appeal it is only argued that the motion to strike Mr. Marlowe for cause should have been granted. It is not argued that the trial court erred by refusing to permit further examination of that prospective juror. *Page 28 
It is clear that the challenge for cause was properly denied. "To justify a challenge of a juror for cause there must be a statutory ground . . ., or some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court." Nettles v. State, 435 So.2d 146, 149
(Ala.Cr.App.), affirmed, Ex parte Nettles, 435 So.2d 151 (Ala. 1983).
That a prospective juror has filed a disciplinary complaint against an attorney does not constitute a statutory ground of a challenge for cause. Alabama Code 1975, § 12-16-150 and §12-16-152. "The majority of courts considering the question have indicated that in the absence of controlling statute a juror is not disqualified in a criminal or civil case because he has or had professional or business relations with an attorney for one of the parties." Annot., 72 A.L.R.2d 673, 674 (1960). See also Herron v. State, 409 So.2d 991, 992
(Ala.Cr.App. 1982).
"Broad discretion is vested with the trial court in determining whether or not to sustain challenges for cause. * * * The decision of the trial court `on such questions is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion.'"Nettles, 435 So.2d at 154. The record shows that the trial judge concluded from prospective juror Marlowe's responses on voir dire that his knowledge of defense counsel would not influence him if selected as a juror. That conclusion is supported by the record.
Defense counsel only requested to question Mr. Marlowe "outside the presence of all the jurors." A defendant is not entitled to examine a prospective juror outside the presence of the other jurors. This is also a matter within the discretion of the trial court. Seals v. State, 282 Ala. 586, 599,213 So.2d 645 (1968).
"[I]n the process of selecting the jury from the venire afforded, each party has the right to have questions formulated by it propounded to the jury, either by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest or bias on the part of prospective jurors." Griffin v. State, 383 So.2d 873, 876 (Ala.Cr.App.), cert. denied, 383 So.2d 880 (Ala. 1980), quoted with approval in Alabama Power Co. v. Bonner, 459 So.2d 827, 833 (Ala. 1984). "[W]hile wide latitude should be accorded the parties in their voir dire examination of prospective jurors touching their qualifications, interest or bias, the extent of the examination is largely discretionary with the trial court." Welborn v.Snider, 431 So.2d 1198, 1201 (Ala. 1983). Although a liberal inquiry should be afforded counsel, the scope of voir dire examination is within the sound discretion of the trial judge.Clark v. State, 294 Ala. 493, 318 So.2d 822, cert. denied,423 U.S. 937, 96 S.Ct. 298, 46 L.Ed.2d 270 (1975).
Considering the ground stated by defense counsel as a basis for his motion to strike for cause and his failure to make a more specific showing as to the nature of the complaint and the underlying facts, as well as the failure to raise this particular issue at trial or on appeal, this Court finds that it was within the discretion of the trial judge whether or not to allow further questioning of Mr. Marlowe. There has been no allegation by defense counsel that the action of the trial court required him to exhaust all of his peremptory challenges, or that he was in fact actually prejudiced by the trial court's action. While we make no finding of harmless error, we have considered these factors in reaching our conclusion in view of the fact that Mr. Marlowe was not selected as a juror to try the defendant.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 29