The appellant, William Bennett Ray, was convicted of sexual abuse in the first degree, in violation of Section 13A-6-66,Code of Alabama (1975). The appellant received a ten-year sentence, eight months to be served in the penitentiary and the remainder of the term to be on probation for five years.
 I
The appellant argues that the trial judge committed reversible error by failing to allow him to impeach the prosecutrix's mother. Specifically, the appellant sought to prove that after the alleged incident, the prosecutrix's mother threatened the appellant, slapped him, and allegedly assaulted the appellant's wife. The State made a motion in limine to prohibit the defense from introducing evidence concerning the altercation between the prosecutrix's mother and the appellant's wife. The defense counsel responded that the evidence should be admissible to show the bias of the prosecutrix's mother. The trial court responded:
 "As I said, a mother of an alleged victim has an interest in the outcome of the case. She is really in theory, even though it is in the name of the people of the State of Alabama, really in theory she is the person bringing the case. So, obviously, the jury knows she is biased. I will not grant the motion because of the simple reason, to be frank about it, it could be prejudicial. It could be prejudicial to show that this woman is so upset that her daughter has been sexually molested that she goes to seek redress against this man. . . . It is my job to keep prejudicial stuff away, number one. Number two, I don't know of any theory in view of the fact that this took place after the alleged incident in theory took place [sic]. If you had some bias that would serve as motive for the charge, then I think it would be proper; but in view of the fact that this is allegedly in response to what she perceived to have taken place, an injury to her daughter, and she sought to give redress herself, then I think it is improper."
The possible bias or hostility of the victim's mother against her child's alleged assailant was squarely before the jury; therefore, the trial court's action was not error. See Page v.State, 487 So.2d 999, 1004-05 (Ala.Cr.App. 1986). "[T]he trial court has discretionary power to allow or disallow proof of specific facts to show the witness's bias and that discretion is not to be disturbed unless it clearly appears that the defendant is prejudiced thereby." Kyle v. State,363 So.2d 1040, 1043 (Ala.Cr.App. 1978).
 II
The appellant argues that reversible error occurred when the trial judge and his *Page 168 
bailiff communicated with the jury outside the presence of the appellant, his counsel, or a court reporter. After the jury had retired for deliberations, the trial judge entered the jury room in order to tell the jury that he would not answer the written questions which they had submitted. The appellant concedes that, although he was aware of it, he did not object to this communication until his motion for new trial.
Although it is true that "[n]o communication, whatever, should take place between the judge and the jury after the cause has been submitted to them, unless in open court with all the parties and their attorneys present," Donahoo v. State,371 So.2d 75, 78-79 (Ala.Cr.App.), cert. denied, 371 So.2d 79 (Ala. 1979),[1] the appellant and defense counsel failed to object to that conduct.
The second incident occurred when the bailiff told the jury to knock on the door when they were finished deliberating. The juror who was serving as foreman asked the bailiff what would happen if they were unable to arrive at a verdict. The bailiff testified that he responded that the judge would discuss that matter with them. The foreman repeated the question in a serious tone and the bailiff repeated his response. The foreman then stated that the jury may not be able to reach a verdict. The bailiff testified that his response was, "Try hard." The bailiff further testified that the defense counsel overheard the bailiff and asked about the conversation. The bailiff told the defense counsel what had been said. The defense counsel admitted that he failed to object to the conversation.
Because the appellant failed to object to this matter in a timely manner,[2] the issue is not preserved for our review. Milesv. State, 476 So.2d 1228, 1235 (Ala.Cr.App. 1985); Lokos v.State, 434 So.2d 818 (Ala.Cr.App. 1982) affirmed, 434 So.2d 831
(Ala. 1983); Williams v. State, 410 So.2d 911, 912 (Ala.Cr.App. 1982).
 III
The appellant argues that the prosecutor committed reversible error during his summation when he referred to the appellant as a pervert. The record shows that the prosecutor made the following statement during his closing argument:
 "Just because a mother warns her children to tell them the first instance that some stranger or somebody they know does something to them and Mama will be there for you, does that mean that [the victim] is open season for perverts like this to run around and touch her whenever they want to?"
Thereafter the defense counsel objected to the prosecutor's reference to the appellant as a "pervert," stating that there was no evidence of that fact. The trial court, on the request of the defense counsel, asked the jury to disregard the remark. The defense counsel then moved for a mistrial, and the trial court overruled the motion.
The reference, taken in the context of the prosecutor's argument, was not an argument that the evidence showed that the appellant was a pervert, but a plea "to the jury to discharge their duties in such a manner as, not only to punish crime, but to protect the public from like offenses." Orr v. State,462 So.2d 1013, 1016 (Ala.Cr.App. 1984). See also Middleton v.State, 495 So.2d 726, 727-28 (Ala.Cr.App. 1986). Furthermore, the trial judge acted promptly *Page 169 
to impress upon the jury that the comment was not to be viewed as a description of the appellant as a pervert. "Even 'inadvertent slips' which are prejudicial to a defendant need not be cause for a mistrial where the judge acts promptly to impress upon the jury that improper statements are not to be considered by them." Woods v. State, 460 So.2d 291, 295
(Ala.Cr.App. 1984). Cf. Cox v. State, 465 So.2d 1215
(Ala.Cr.App. 1985).
 IV
The appellant argues that the trial court committed reversible error when the trial judge refused to allow defense counsel to use demonstrative evidence during his opening statement and to publish photographs that were introduced at trial. Specifically, the defense counsel refers to the trial court's refusal to allow him to draw a layout of the scene of the crime on the blackboard during his opening statement. The trial court informed the defense counsel that he could describe what he expected to prove in his own words and that he would have an opportunity during the presentation of his case to use such a demonstration. The record shows that, during the trial, the defense counsel was allowed to admit a diagram of the scene into evidence, as well as photographs of the scene. Therefore, any error in disallowing the demonstrative evidence during the defense counsel's opening statement was rendered harmless. Rule 45, Alabama Rules of Appellate Procedure. Furthermore, as the appellant concedes, trial judges are vested with a great deal of discretion as to the admission of demonstrative evidence. See C. Gamble, McElroy's Alabama Evidence § 123.01(2), (3d ed. 1977).
AFFIRMED.
All the Judges concur.
[1] As cited in Graves v. State, 377 So.2d 1129 (Ala.Cr.App.), cert. denied, 377 So.2d 1130 (Ala. 1979). Presumably, this issue had been preserved by objection or motion.
[2] Although this issue was raised by the defense counsel in his motion for new trial, the record reflects that he was aware of the incidents immediately after they occurred and did not object. "[I]t was incumbent upon the appellant to object to any improper conduct when first discovered. . . ." Woodyard v.State, 428 So.2d 136, 137 (Ala.Cr.App. 1982), affirmed,428 So.2d 138 (Ala. 1983). See also Fuller v. State, 365 So.2d 1010
(Ala.Cr.App. 1978), cert. denied, 365 So.2d 1013 (Ala. 1979) (where a bailiff's comment to a juror was improper, but appellant's counsel heard the statement and neither requested a curative instruction nor moved for mistrial, but rather first raised the issue on his amended motion for new trial, the error was not preserved). The grounds urged for a new trial must ordinarily be preserved at trial by timely and sufficient objections. Smith v. State, 393 So.2d 529, 532 (Ala.Cr.App. 1981).