COBB, Judge.
Chester Toombs was convicted of burglary in the third degree, a violation of § 13A-8-43, Ala.Code 1975. He was sentenced pursuant to the Habitual Felony Offender Act, § 13A-5-9(a)(l), Ala.Code 1975, to 15 years in prison. That sentence was split, and he was ordered to serve 3 years in prison and 12 years on probation. On appeal, Toombs contends that the trial judge committed reversible error when he had an ex parte communication with the jury after deliberations had begun.
The record indicates that shortly after the jury retired to deliberate, a sister of one of the jurors approached the trial judge and informed him that a child of one of the jurors had become seriously ill. The trial judge went into the jury room to get the juror and allowed her to telephone her mother. The juror was subsequently released from jury duty. The trial court then notified the alternate juror, who had been released just before deliberations had begun. (R. 90-91.) Toombs moved for a mistrial, arguing that the substitution of a juror during deliberations denied his right to a fair trial. The trial judge responded:
“Let the record show that the deliberations had been taking place about 10 minutes when this event occurred, and the jury was instructed to cease deliberations until it could be ascertained if the alternate could be retrieved.
[[Image here]]
“And I think that it is entirely proper [to substitute a juror] as long as the deliberations begin anew.”
(R. 93.) The trial judge denied Toombs’s motion and instructed the jury as follows:
“[The alternate juror] graciously came back, and we will begin the deliberations anew. Begin your deliberations from scratch, just like we had just finished our charge. So, start all over.”
(R. 94.) The trial judge ensured that the alternate had not discussed the case with anyone after he was released, and the jury began deliberations. (R. 95-96.) Toombs subsequently filed a motion for a new trial, raising the same ground that he now raises on appeal. The trial court denied the motion. (C. 52.)
Toombs has failed to preserve this issue for appellate review. At trial, he based his motion for a mistrial on the ground that substituting a juror during deliberations infringed on his right to a fair trial. This ground is different from the one he raised in his motion for a new trial and in his brief to this court, i.e., that the trial judge committed reversible error by having an ex parte communication with the jury after deliberations had begun. A specific ground of objection waives all other grounds not specified. See Glass v. State, 671 So.2d 114, 120 (Ala.Cr.App.1995). Moreover, even though Toombs raised this ground in his motion for a new trial, the issue was untimely raised. See Greene v. City of Montgomery, 677 So.2d 794, 796 (Ala.Cr.App.1995); Ray v. State, 527 So.2d 166, 168 n. 2 (Ala.Cr.App.1987) (a ground concerning an ex parte communication with a member of the jury raised in a motion for a new trial is untimely).
*552 Moreover, even if the issue had been adequately preserved, the trial judge’s communication with the jury did not amount to reversible error. See Ex parte Bankhead, 585 So.2d 112, 126 (Ala.1991) (an ex parte communication between a judge and a juror is harmless error when they do not discuss any fact in controversy or law applicable to the case). In fact, the trial judge’s substitution of a juror outside of the presence of the parties was harmless error. The trial judge considered the sudden serious illness of a child of one of the jurors to be an emergency. See Williams v. State, 27 Ala.App. 293, 171 So. 386, 389 (1936) (holding that the defendant was not prejudiced when an ill juror, after deliberations began, left the other jurors, accompanied by the trial judge, to see a physician). The trial judge responded to the situation by immediately notifying the juror. He made no other remarks to the other jurors concerning the facts of the case or the applicable law. Cf. Hawkins v. Town of Moody, 668 So.2d 137, 139 (Ala.Cr.App.1995) (error for the trial judge to give supplemental instructions on the applicable law after the jury had retired to deliberate and outside the presence of the parties). When he released the juror to go to the aid of her sick child, the jury had been deliberating for only 10 minutes. See § 12-16-231, Ala.Code 1975 (after the jury has begun deliberations, a juror may be discharged in the case of an illness). Before the alternate juror was substituted, the trial judge instructed the jury that it must begin its deliberations anew. In addition, he ensured that the alternate juror had not spoken with anyone about the case since his release. The “best practice” would have been for the trial judge to summons Toombs, Toombs’s counsel, and the State to discuss in open court whether the juror should be substituted. See § 12-16-232, Ala.Code 1975. Nevertheless, Toombs failed to show that the trial judge’s substitution of a juror outside his presence injured one of his substantial rights. Because Toombs was not unduly-prejudiced by the substitution, the trial judge committed only harmless error. See Rule 45, Ala.R.App.P. (“No judgment may be reversed ... in any ... criminal case on the ground ... [of] error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken ... it should appear that the error complained of has probably injuriously affected the substantial rights of the parties.”); Guthrie v. State, 616 So.2d 914, 931 (Ala.Cr.App.1993) (“After finding error, an appellate court may still affirm a conviction on the ground that the error was harmless.”).
For the above-mentioned reasons, the judgment of the Circuit Court of Russell County is due to be, and is hereby, affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.